John BARROW, Appellant
(Defendant Below),

v.

ATCO MANUFACTURING COMPANY,
Appellee (Plaintiff Below).

No. 53A01–8711–CV–295.

Court of Appeals of Indiana,
First District.

June 29, 1988.

Daniel M. Mills, Berry Benson Brown Mills & Shapiro, Bloomington, for appellant.

Gary J. Clendening, Bloomington, Jesse P. Schaudies, Atlanta, Ga., for appellee.

ROBERTSON, Judge.

The appellant-defendant John Barrow brings this interlocutory appeal. The two issues are stated as:

1.  Whether the trial court erred in finding that Georgia law should apply to the substantive rights of the parties to this cause; and,

2.  Whether the trial court erred in granting ATCO's motion to amend complaint by interlineation.

We affirm.

The underlying facts show that Barrow owned and operated a chemical business and called upon customers in southern Indiana. In mid 1986 Barrow sent proposals to several large chemical companies seeking to sell his business and to employ him as a salesman. The plaintiff-appellee ATCO, a Georgia corporation based in Atlanta, expressed interest in the proposal. In October, 1986, Barrow flew to Atlanta at ATCO's expense for further discussion of the proposal. At that meeting ATCO agreed to buy Barrow's business and to employ him as a salesman with a specific territory in southern Indiana. Barrow then provided ATCO with information about his existing accounts. As a part of the written employment agreement, which was executed at the meeting in Atlanta, one section stated that all of the rights and obligations of Barrow and ATCO shall be governed by the laws and decisions of the State of Georgia.

The next week Barrow ended his Indiana business, shipped his inventory to ATCO, and submitted an invoice to ATCO for $4000 (the agreed purchase price of Barrow's business). In early November, 1986, ATCO's sales manager came to Bloomington and paid Barrow the $4000. At this time an additional employment agreement was signed and Barrow also signed a promissory note payable to ATCO. Both the employment agreement and the note called for the application of Georgia law.

ATCO terminated Barrow's employment in early December, 1986, and filed suit to collect on the note in February, 1987. Barrow filed a counterclaim alleging, among other things, fraud, misrepresentation, wrongful termination of employment, intentional interference in the business relationship, and criminal mischief.

The trial court made rulings which allowed the application of Georgia law to the cause and permitted ATCO to amend its complaint by interlineation. This appeal stems from those two rulings.

I.

Barrow argues the choice of law question should be decided by Restatement (Second) Choice of Laws, § 145(2) (1971) which calls for the consideration of factors such as the place where the conduct causing the injury occurred; the residence or place of business of the parties; and, the place where the relationship is centered. This position is supported in tort cases. See, Hubbard Mfg. Co., Inc. v. Greeson (1987), Ind., 515 N.E.2d 1071.

ATCO posits that Restatement (Second) Choice of Laws, § 187 (1971) controls. It reads:

Law of the State chosen by the parties
(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
(2) The law of the state chosen by the parties to govern their contractual rights

and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

 A contract between the parties can specify the choice of law. *Sink & Edwards, Inc., v. Huber, Hunt and Nichols, Inc.*, (1984), Ind.App., 458 N.E.2d 291; *Utopia Coach Corp. v. Weatherwax* (1978), 177 Ind.App. 321, 379 N.E.2d 518.

The fundamental difference between Barrow and ATCO is that Barrow's counterclaim is based upon tort while ATCO's complaint is based upon contract.

 We believe it clear that § 187 controls for the reason the law of Georgia was specified as controlling in each of the three instruments executed by the parties. That being the case, § 201 of the Restatement (Second) of Conflict of Laws (1971) would also be applicable. § 201 reads:

> Misrepresentation, duress, undue influence and mistake

The effect of misrepresentation, duress, undue influence and mistake upon a contract is determined by the law selected by application of the rules of Sections 187–188.

We are of the opinion no error exists on this issue.

## II.

During the course of the pleading stages of this cause, the trial court allowed ATCO to amend its complaint by interlineation by adding an allegation that Barrow defrauded ATCO with respect to the promissory note. Barrow contends that T.R. 15(A) was ignored in that such a practice is not provided for in the rules. T.R. 15(A) reads in pertinent part:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or if the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty (30) days after it is served. Otherwise, a party may amend his pleading only by leave of Court or by written consent of the adverse party; and leave shall be given when justice so requires.

 Generally, amendments to pleadings are within the trial court's discretion and are reviewable for abuse of discretion. *Indiana Dept. of Public Welfare v. Clark* (1985), Ind.App., 478 N.E.2d 699, *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2893, 90 L.Ed.2d 980. It is the appellant's duty to show reversible error. *Carl Subler Trucking, Inc. v. Splittorff* (1985), Ind.App., 482 N.E.2d 295. The prejudice or harm, if any, suffered by Barrow in allowing the amendment of the complaint is not readily apparent. ATCO moved for the amendment and the trial court granted leave to amend over the objection of Barrow. The spirit of T.R. 15(A) was not violated and, in our opinion, the rule was adequately followed.

Judgment affirmed.

RATLIFF, C.J., and CONOVER, J., concur.