Ronald D. HERRELL and Janet Marie
Herrell, Appellants–Plaintiffs,

v.

Harold CASEY and Wanda Casey,
Appellees–Defendants.

No. 34A02–9205–CV–239.

Court of Appeals of Indiana,
Second District.

March 4, 1993.

Floyd F. Cook, Kokomo, for appellants-
plaintiffs.

Charles H. Scruggs, Kokomo, for appel-
lees-defendants.

SULLIVAN, Judge.

Ronald D. and Janet Marie Herrell
brought suit against Harold and Wanda
Casey in the Howard Superior Court to
quiet title to a thin strip of real estate
running along their adjoining tracts. The
trial court found that the Caseys had ad-
versely possessed the property for the stat-
utory period and therefore ordered that the
strip be awarded to the Caseys. The Her-
rells appeal, presenting the following is-
sues for review:

    I.  Whether the trial court was preclud-
        ed from finding that the Caseys

were adverse possessors by a prior decision of this court in the same case; and

II. whether the evidence is sufficient to support the judgment?

We affirm.

The facts most favorable to the judgment reveal that the Caseys bought property adjoining the Herrells' property in 1972. At that time, a fence ran along the edge of the Herrells' property. The Caseys believed that the fence demarked the property line.

In 1973, the Caseys began to landscape and level the property up to the fence. For three years they added dirt to the area and leveled out the property, sometimes by hand, and sometimes with the help of a bulldozer. The Caseys sewed grass during this period, and maintained the property up to the fence continuously from 1973 through 1988, mowing the lawn and spraying for weeds and thistles. In 1973, the Caseys planted a garden close to the fence and maintained it every year until 1988. They planted and maintained several fruit trees along the fence line. They also stored wood and large gas drums in the disputed area. In 1975, the Caseys built a storage shed approximately six feet from the fence. The shed was constructed upon a concrete pad and remained until 1984, when it was replaced by a garage, which was built upon the same spot. The shed was moved to a new location, also near the fence.

In 1987, the Herrells removed the fence. They decided to take a survey to determine the exact location of the property line; however, the survey was not actually taken until 1990. The survey revealed that the fence was located nine feet on the north end, and seven feet on the south end from the actual property line and that as a result, the garage encroached .5 feet and the shed 4.3 feet onto the Herrells' property.

**1.** Record of the Memorandum Decision appears as *Herrell v. Casey* (1991) 2d Dist.Ind.App., 573

### I.

The trial court initially awarded summary judgment to the Caseys upon the undisputed facts that the Caseys had "maintained the yard, gardened, both vegetables and flowers, pruned trees and considered the property immediately adjacent to the fence as their own." Record at 74. Upon appeal of the summary judgment, this court reversed and remanded in a memorandum decision, holding that such "maintenance activities, standing alone, are not sufficient to support a claim of adverse possession." Record at 87.[1] Upon remand, the trial court found that the Caseys had adversely possessed the disputed strip for the statutory period, and therefore awarded the strip to the Caseys.

The Herrells contend that the law of the case doctrine precluded the trial court from finding that the Caseys were adverse possessors of the property. We disagree.

■ As a general rule, "The 'law of the case' doctrine designates that an appellate court's determination of a legal issue is binding on both the trial court and the Court of Appeals in any subsequent appeal given the same case and substantially the same facts." *Cha v. Warnick* (1985) Ind., 476 N.E.2d 109, 114, *cert. denied,* 474 U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257. However, where new facts are elicited upon remand which materially affect the questions at issue, the court upon remand may apply the law to the new facts as subsequently found. *Fair Share Organization, Inc. v. Mitnick* (1964) 245 Ind. 324, 198 N.E.2d 765, *cert. denied,* 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48. Whether the trial court upon remand has jurisdiction to make additional factual inquiries or to hear new issues depends upon what issues are decided upon appeal and what issues are expressly or impliedly reserved upon remand. *See O'Laughlin v. Barton* (1992) Ind., 582 N.E.2d 817, 820; *Horine v. Greencastle Production Credit Ass'n* (1987) 4th Dist. Ind.App., 505 N.E.2d 802, 804–05, *trans. denied.*

N.E.2d 483.

■ In the memorandum decision, this court reversed the trial court's order of summary judgment in favor of the Caseys and remanded for further proceedings. The court held that the undisputed facts of the Caseys' mowing and maintenance activities were, of themselves, insufficient to establish adverse possession, and noted that "[a] genuine issue of material fact exists whether the shed as originally built extended onto Herrells' property and whether Caseys planted flowers and/or garden on the disputed land or trimmed trees thereon." Record at 91.

It is beyond dispute that a trial court, upon remand after reversal of an order granting summary judgment, is empowered to adduce such additional facts as are dispositive of the case and to rule accordingly. The trial court did so, finding *inter alia*, that both the shed and the garage which replaced it encroached upon the Herrells' property, and also that the shed encroached in its new location. Since these additional facts distinguish the case factually from the case we decided in the first appeal, the law of the case doctrine has no application.

■ Even were it otherwise, our decision would not differ. The general rule of "law of the case", as earlier set forth, is not a unbending rule of law to be blindly applied in every situation. It is a "discretionary rule of practice" and permits a court to apply it or not depending upon the circumstances. In this respect, it is unlike the doctrine of res judicata, which must be uniformly and rigidly applied and which compels judgment. *State v. Lewis* (1989) Ind., 543 N.E.2d 1116; *McCaslin v. Underwood Machinery Transport, Inc.* (1992) 1st Dist.Ind.App., 597 N.E.2d 964.

Our earlier memorandum decision reversal and remand did not hold that the decision of the trial court was erroneous. It held merely that the judgment could not properly be founded upon the reasons stated by the trial court. The remand left the door open to the trial court to reach the correct result by applying the correct law. To hold otherwise would be to say that every remand which permits or directs further proceedings mandates a trial determination contrary to the result first reached. This is clearly not so. If, upon appellate review of a decision, we hold that a contrary result is required as a matter of law, we order the trial court to enter the correct judgment. We do not remand with directions to conduct a new trial or to reconsider the existing evidence in the light of applicable law. The trial court in this instance did what we earlier contemplated and reached the correct result.

## II.

The Herrells challenge the sufficiency of the evidence supporting the court's determination of adverse possession upon three separate grounds. They first assert that the evidence was insufficient to justify the trial court's explicit finding that the shed encroached upon their property in its initial location.

■ Neither party requested special findings pursuant to Ind.Trial Rule 52. The court, nevertheless, upon its own motion, appropriately made specific factual findings. In such instance, the general judgment controls as to the issues upon which no findings are made and the specific findings control as to the issues they cover. *Sand Creek Country Club, Ltd. v. CSO Architects, Inc.* (1991) 3d Dist.Ind.App., 582 N.E.2d 872.

■ In the instant case, Mr. Casey testified that "I built a shed back there, and the shed, originally set [sic] where the back corner of the garage sets [sic] now. So if the garage encroaches now, the shed did at that time." Record at 175. This testimony could have been interpreted in more than one way in light of the undisputed fact that the garage was larger than the shed.

In their brief, the Herrells provide a detailed summary in their brief of the evidence supporting their contention that the shed did not encroach upon their property in its original 1975 location. However, we do not reweigh the evidence upon appeal. *Snowball Corp. v. Pope* (1991) 1st Dist.Ind. App., 580 N.E.2d 733, 735.

Nevertheless, the evidence permits a reasonable inference that the back corner of the garage referred to by Mr. Casey was the farthest point of encroachment, both of the shed as it originally stood, and of the garage which replaced it. Since the trial court's factual finding is supported by a reasonable inference, it is not clearly erroneous.

The Herrells assert that the Caseys did not give them actual notice of their intent to claim the property. However, actual notice of intent to hold adversely is not required for an adverse possession claim to succeed. "When hostile acts are so manifest and notorious that a reasonable owner should have been aware of them, no further notice is required." *Poole v. Corwin* (1983) 4th Dist.Ind.App., 447 N.E.2d 1150, 1152, *trans. denied; see McCarty v. Sheets* (1981) Ind., 423 N.E.2d 297, 301.

In the instant case, the encroaching shed was built in 1975 and was replaced in 1984 by a garage which encroached in the same location and continued to encroach at the time the Herrells filed suit in 1990. In addition, between 1973 and 1990, the Caseys added dirt to and leveled the property, planted and continuously maintained grass, trees and a garden, and stored firewood and gasoline drums in the disputed area. Thus, the evidence is sufficient to conclude that the Caseys' possession of the property was sufficiently "notorious" to put a reasonable owner on notice of their adverse claim.

Finally, the Herrells assert that the Caseys' possession of the strip was not sufficiently "exclusive" to support their adverse possession claim. In order to acquire title through adverse possession, a party must show, *inter alia,* that such possession is exclusive. *McCarty, supra,* 423 N.E.2d at 300. Exclusive possession means that only one party claims possession adversely to the exclusion of all others. *Snowball Corp., supra,* 580 N.E.2d at 735–36.

As noted above, the Caseys developed, maintained, built upon, and stored personal possessions upon the disputed property. The record further reveals that the Her-

rells assumed and the Caseys believed that the fence demarked the property line until the Herrells had a survey taken in 1990. Furthermore, there is no evidence of record to suggest that the Caseys allowed the Herrells or others to enter upon the disputed strip or did anything to otherwise suggest that their possession was not exclusive. Thus, the evidence is sufficient to support an inference that the possession was exclusive.

The judgment of the trial court is affirmed.

SHIELDS and BAKER, JJ., concur.