David A. CARTER, Chester Eaton, Lovell Robertson, James D. Schultz, and Jackie Black, Appellants–Defendants,

v.

Lester L. ALLEN, Appellee–Plaintiff.

No. 88A05–9301–CV–1.

Court of Appeals of Indiana, First District.

March 24, 1994.

David P. Allen, Salem, for appellants.

Andrew Wright, Salem, for appellee.

## STATEMENT OF THE CASE

NAJAM, Judge.

We are asked to decide whether the Town of Carefree, Indiana, was lawfully incorporated. Appellants, the officers of the Town Board of Carefree (the "officers"), bring this appeal from the trial court's judgment in favor of Lester L. Allen ("Allen"). Allen, a property owner in an area of Crawford County within the purported Town of Carefree, filed a complaint to enjoin the officers from restricting the use of his real property, from requiring him to pay assessments and from placing any encumbrances against his property. Allen contended that the officers did not have authority to act because the Crawford County Board of Commissioners had not lawfully incorporated the Town. The trial court agreed and entered judgment for Allen.

We affirm.

## ISSUES

We restate the issues presented for review as follows:

1. Whether the Crawford Circuit Court had jurisdiction in 1988 to remand to the Commissioners a 1977 case which this Court had declared void in 1985.

2. Whether the official action taken by the Commissioners to incorporate the Town of Carefree in 1988 was void or otherwise legally insufficient.

## FACTS AND PROCEDURAL HISTORY

The confusing chronology of cases and events extends from 1976 to 1992. On December 22, 1976, David A. Carter petitioned the Crawford County Board of Commissioners (the "Commissioners") to incorporate as the "Town of Carefree" an area located near Interstate 64 and State Road 66 in Crawford County. On April 25, 1977, after a public hearing, the Commissioners made findings, determined that the statutory requirements for incorporation had not been met, and denied Carter's request.

Carter appealed the Commissioners' denial of his petition to the Crawford Circuit Court. Because there was no record made of the public hearing, the Crawford Circuit Court conducted a trial *de novo* on the merits. On June 25, 1977, the court entered its own findings of fact, conclusions of law and an order purporting to incorporate the Town of Carefree. No direct appeal was taken from the trial court's order.

In March of 1983, nearly six years after the Crawford Circuit Court had entered its "Order Granting Incorporation of the Town of Carefree," Allen filed a complaint to enjoin the officers from collecting assessments and enforcing liens against his property. Allen alleged that his property was located in an unincorporated area because the Town of Carefree did not exist as a lawfully incorporated Indiana town. The Crawford Circuit Court found in favor of Allen and entered a judgment that its 1977 order was void and subject to collateral attack because the court lacked authority to incorporate the town. Record at 218.

Carter then appealed the trial court's decision to this court. On June 27, 1985, in a memorandum decision, we affirmed the Crawford Circuit Court's judgment. We held that the 1977 court had exceeded its jurisdiction and that its order incorporating the Town of Carefree was void. Record at 226. We further explained that the only options available to the court in 1977 were either to affirm the Commissioners' action denying the petition to incorporate or to set it aside and remand it to the Commissioners for further proceedings. Our supreme court denied transfer in that case on January 6, 1986.

Over two years later, on July 13, 1988, Carter filed a Motion for Remand of Proceedings to the Crawford County Commissioners for Final Determination in the 1977 action. Carter's motion was prompted in part by a letter the Commissioners had received on June 7, 1988, from Executive Director Robert Grewe of the Indiana 15 Regional Planning Commission. Grewe's letter "strongly requested" the Commissioners to consider "a request that would incorporate the Carefree area." Record at 254. On July 15, 1988, the Crawford Circuit Court entered an order in the 1977 action granting Carter's motion, which stated in part:

"the Court having considered the following 'Findings of Fact, Conclusions of Law, and Order Granting Incorporation of the Town of Carefree' the 'Order Entry for September 9, 1983, the First District Court of Appeals of Indiana affirmation of the 1983 decision and the June 7, 1988 letter from Robert G. Grewe to Jerry Brewer, filed in support thereof and being duly advised in the premises, hereby Grants the Plaintiff's Motion and remands the proceedings in this cause [the 1977 action] to the Crawford County Commissioners for a final determination in accordance with its 'Findings of Fact, Conclusions of Law, and Order Granting Incorporation of the Town of Carefree'."

Record at 255.

The Commissioners met on August 1, 1988, and discussed incorporation of the Town of Carefree. At that meeting, Carter appeared and the Crawford County Attorney advised the Commissioners that "the Indiana State [sic] Court of Appeals ordered the County Commissioners to incorporate the area around Interstate 64 which was previously incorporated by former Judge Scott Miller as the Town of Carefree." Record at 257. On August 15, the Commissioners approved the petition and signed the "Decree of Incorporation of the Town of Carefree, Indiana." Record at 260–63. The minutes of the Commissioners' meeting on August 15, 1988, reflect that the Commissioners acted "per Court order, Cause # 77–C–47 for final determination." Record at 260.

On December 13, 1989, Carter notified Allen that he was to appear at the next meeting of the Town Board of Carefree and produce certain information concerning whether Allen's restaurant and truckstop were properly disposing of sewage. Thereafter, on January 5, 1989, Allen filed a motion in both the 1977 and 1983 actions to vacate the Crawford Circuit Court's 1988 order "remanding proceedings to the Crawford County Board of Commissioners for final determination." Following a hearing, the Crawford Circuit Court dismissed Allen's motion on the ground that Allen lacked "standing to object to the Court's Order under 77–C–47." Record at 268.

On January 10, 1990, Allen brought the present action in the Crawford Circuit Court for an injunction against the officers of the Town of Carefree. The case was venued to Washington County. After a bench trial held on August 11, 1992, the Washington Superior Court found that the Town of Carefree was not lawfully incorporated, entered judgment in favor of Allen, and enjoined the officers from taking action on behalf of the "pretended" Town. The officers appeal from that judgment.

## DISCUSSION AND DECISION

■■■■ The outcome of this appeal turns on whether in 1988 the Crawford Circuit Court retained jurisdiction over its 1977 judgment, which this Court held void in 1985.[1] In the present case, the trial court determined that the Crawford Circuit Court lacked jurisdiction in 1988 to remand the 1977 case to the Commissioners for a "final determination" regarding incorporation and, thus, that the Court's remand order was void. Further, the trial court ruled that the Town of Carefree did not lawfully exist because the Commissioners' subsequent action

---

1. At the outset of their brief on appeal, the officers assert that we must reverse the trial court's judgment because the trial court erred in failing to join the Town of Carefree as a party to this action and in failing to allow the officers to amend their answer. We must disagree.

First, in his complaint, Allen named every officer of the Town Board of Carefree as defendants and stated the official title of each. Under Trial Rule 19(F)(1), "[s]uits naming a governmental representative by his official title or by his name along with his official title shall be deemed to name and include the governmental organization which he represents...." Thus, the town was deemed to be a party to this action.

The officers also contend that the trial court erred in not allowing them to amend their answer pursuant to Trial Rule 15(A). The decision whether to grant leave to amend a pleading rests in the sound discretion of the trial court. *Barrow v. ATCO Mfg. Co.* (1988), Ind.App., 524 N.E.2d 1313, 1315. We will review the trial court's decision only for an abuse of discretion, which will not be presumed absent a showing of prejudice. *Id.* The officers have failed to demonstrate how they were prejudiced by the trial court's decision but merely assert that the court abused its discretion. The trial court did not err.

to incorporate, taken pursuant to the Crawford Circuit Court's void remand order, was done without notice or hearing and with "a total absence of due process of law" and was also void. Record at 14–15. We agree.

### Issue One: Jurisdiction of Crawford Circuit Court

In 1988, the Crawford Circuit Court was without jurisdiction and its remand order was void on two separate grounds. First, the 1977 case was concluded by a final judgment when, on June 25, 1977, the Crawford Circuit Court entered findings of fact, conclusions of law, and an order incorporating the Town of Carefree. There was no direct appeal from that judgment. Once a trial court acquires jurisdiction, it retains jurisdiction until a final disposition of the case is made. *Chapin v. Hulse* (1992), Ind.App., 599 N.E.2d 217, 219, *trans. denied,* (citing *State ex. rel. Kelley v. Marion County Criminal Court, Div. Three* (1978), 269 Ind. 46, 47, 378 N.E.2d 833, 834).

By 1988, when the Crawford Circuit Court granted Carter's motion to remand the 1977 case to the Commissioners for further proceedings, there was no case to remand. After final judgment, the issuing court retains " 'only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule.' " *Chapin,* 599 N.E.2d at 219. Here, time had long since lapsed for the court or the parties to correct error under Trial Rule 59 and, likewise, there was no prayer for relief from judgment pursuant to Trial Rule 60(B). Further, Indiana Code § 33–1–6–3, which provides that courts generally retain jurisdiction over their judgments for 90 days, did not apply because the 1988 remand order was outside the 90 day period. Thus, the Crawford Circuit Court's remand order was an untimely attempt to modify the 1977 judgment. *See State ex. rel. Kelley,* 269 Ind. at 47, 378 N.E.2d at 834.

Where a trial court, having once had jurisdiction, has been divested of that juris-

diction and still attempts to exercise its power, its actions are void. *McIntosh v. Monroe* (1953), 232 Ind. 60, 63, 111 N.E.2d 658, 660; *see Chapin,* 599 N.E.2d at 222. The Crawford Circuit Court's remand order was void because the court had been divested of its jurisdiction over the case. *See id.*

Second, the remand order was void because the Crawford Circuit Court had no jurisdiction over its 1977 judgment which this Court had declared void in 1985. In the collateral attack brought by Allen in 1983, the Crawford Circuit Court determined that its 1977 judgment was void. In 1985, we affirmed the trial court's decision and held that the 1977 judgment was void. Under Indiana procedural law, the term void properly denotes those actions in which "a judgment has *no effect whatsoever,* and is *incapable of confirmation or ratification." Lucas v. Estate of Stavos* (1993), Ind.App., 609 N.E.2d 1114, 1117, *trans. denied* (emphasis added); *Trook v. Lafayette Bank & Trust Co.* (1991), Ind.App., 581 N.E.2d 941, 944, *trans. denied.* An action or judgment which has been declared void is a nullity; it is as if it never existed. In addition, all subsequent actions predicated on that ruling "are tainted by its nullity and are similarly without effect." *Kratkoczki v. Regan* (1978), 178 Ind. App. 184, 187, 381 N.E.2d 1077, 1079, *trans. denied.*

Therefore, our holding in 1985 that the Crawford Circuit Court's 1977 judgment was void foreclosed any further action in the 1977 case. Everything which followed was rendered void *ab initio,* or "void from the beginning." The Crawford Circuit Court had no authority to reopen and remand the 1977 case to the Commissioners to make "a final determination in accordance with its [1977] 'Findings of Fact, Conclusions of Law, and Order Granting Incorporation of the Town of Carefree'," because its findings, conclusions and order no longer had any legal significance. A void judgment cannot be revived. *See Hendrix v. Page* (1993), Ind.App., 622 N.E.2d 564, 568.[2] Thus, the Crawford

---

2. The officers contend that "the 1977 case remained in limbo," and that the Crawford Circuit Court in 1988 retained jurisdiction to remand the

case to the Commissioners. Brief of Appellants at 17. They point to our 1985 opinion where Judge Ratliff noted the two options the Crawford

Circuit Court lacked jurisdiction to remand the 1977 case to the Commissioners, and its remand order was of no legal consequence.

### Issue Two:  Commissioners' Actions to Incorporate

■ Because the Crawford Circuit Court lacked jurisdiction to remand the 1977 case to the Commissioners, subsequent actions taken by the Commissioners pursuant to the remand order were likewise void. As the trial court found in the present case, in 1988 the Crawford Circuit Court essentially ordered the Commissioners to incorporate Carefree pursuant to the court's 1977 findings and conclusions, which were a nullity. In addition, the Crawford County Attorney informed the Commissioners that the Indiana Court of Appeals, in its 1985 opinion, had "ordered" the Commissioners to incorporate Carefree.  Record at 257.  The Commissioners' minutes reflect that they enacted the Decree of Incorporation "per court order, Cause # 77–C–47 for final determination." Record at 260.  The Commissioners' reliance on a court order which was void also renders their 1988 ordinance incorporating the Town of Carefree void.[3]  See *Kratkoczki*, 178 Ind. App. at 187, 381 N.E.2d at 1079.

■ However, the officers repeatedly assert that our 1985 opinion only held as void the Crawford Circuit Court's 1977 "Order Incorporating the Town of Carefree," and did not affect the findings and conclusions also entered by the court.  They contend that the Commissioners' vote to incorporate in 1988 was valid because the Commissioners were merely required to review the findings, conclusions, and other materials remanded from the Crawford Circuit Court, and render their decision.  Again, that contention is entirely without merit.

In our 1985 memorandum decision, Judge Ratliff stated:

"The Crawford Circuit Court's 1977 judgment ordering the incorporation of the Town of Carefree clearly exceeded the constitutional limitation on the judiciary's power.  The 1977 judgment is prefaced by the trial judge's statement that the court conducted a trial *de novo* on the issues.  It expressly found the statutory requisites to incorporation existed reversing the commissioners' decision and affirmatively ordered the incorporation of the Town of Carefree.  The 1977 judgment did not remand the case back to the commissioners but rather made factual determinations on the merits and issued an order without any further input from the commissioners. The court's action unquestionably went beyond the power and authority of the judiciary."

Record at 224 (*Carter, et al. v. Allen, et al.* (filed June 27, 1985) Ind.App. No. 4–884 A

Circuit Court had in 1977 when reviewing the Commissioners' decision not to incorporate: (1) affirm the Commissioners' decision or (2) set it aside and "remand" it to the Commissioners. The officers further cite us to *Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126, *trans. denied,* where we held a trial court order void but remanded the case with specific instructions to the court to remand to the administrative agency.  *Id.* at 1134.

The officers' argument is without merit.  Judge Ratliff's decision did *not* remand the case or provide further instructions to the Crawford Circuit Court.  His opinion simply held that the court's 1977 judgment was void.  Any mention of what *previously had been* the trial court's options was merely an attempt to explain the applicable standard of judicial review, not to ·state what action the trial court could take following appeal. In *Bolerjack,* we explicitly remanded the matter to the trial court with instructions, which was within our discretion.  However, here, the Crawford Circuit Court was divested of any jurisdic-

tion over the case both when it entered final judgment and when its judgment was rendered void.

3.  The officers devote considerable attention to their assertion that Allen lacked standing to bring this claim for injunctive relief.  They assert that Allen's claim must fail because (1) the Crawford Circuit Court dismissed Allen's 1989 motion to vacate for a lack of standing and that ruling is res judicata here, and (2) the Commissioners' actions to incorporate in 1988 were at most voidable, but not void.  We conclude that Allen had standing to bring his claim.  First, the Crawford Circuit Court's finding that Allen lacked standing to object to the Court's 1988 remand order in the 1977 case is not res judicata in the present case.  Because the court had no jurisdiction to further modify the 1977 case, the finding that Allen lacked standing was also void.  Second, because we have determined that the Commissioners' action incorporating the town was void, and not merely voidable, Allen may maintain this collateral attack.

213, slip op. at 6, *trans. denied*). Thus, as we concluded in 1985, we now state again that the findings of fact and conclusions of law entered by the Crawford Circuit Court in 1977 in support of its order are void. *See Lucas*, 609 N.E.2d at 1117; *Trook*, 581 N.E.2d at 944. There are no grounds for the contention by the officers that a part of the 1977 judgment survived and had any further operation or effect.

Moreover, the Commissioners did not follow proper statutory procedures to incorporate the Town of Carefree in 1988. The procedures for incorporation of a town are found in the provisions of Indiana Code § 36–5–1–1 through 10.1. Without undertaking a discussion of those provisions, it is sufficient to say that the Commissioners failed to follow any procedures, save for the vote to adopt an ordinance incorporating Carefree. For example, the Commissioners did not provide notice to "the residents and landowners of the territory as listed in the petition," such as Allen. *See* IND.CODE § 36–5–1–5. The officers contend that in 1977 the Commissioners followed all necessary procedures for incorporation and, taken together with the findings of the Crawford Circuit Court, that the statute did not require anything further 11 years later.

 We do not follow the logic of that argument considering that, in 1977, the Crawford County Commissioners voted *against* incorporation of Carefree and made findings to support their negative decision. That action was then overturned by the Crawford Circuit Court, following a trial *de novo*, where the court acted beyond its jurisdiction. Its findings were void. Therefore, in 1988, the Commissioners had considered absolutely no new evidence obtained through the proper statutory procedures in support of incorporation. Even the supporting evidence gathered by the Crawford Circuit Court 11 years earlier was not verified to insure its accuracy in 1988.[4]

Thus, even if the Commissioners had not considered and acted upon an invalid remand order from the Crawford Circuit Court, the actions they took to incorporate Carefree in 1988 were legally insufficient to accomplish that objective. We conclude that Carefree has never been incorporated in the manner provided by law.

The judgment is affirmed.

BAKER and CHEZEM, JJ., concur.

---

4. The officers also contend the trial court erred in refusing to allow the testimony of two members of the Crawford County Commissioners offered to "explain the intent of the Commissioners and whether the vote of the Commissioners [to incorporate in 1988] was independent and voluntary." Brief of Appellant at 27. The minutes of the Commissioners' meetings on August 1 and August 15, 1988, were admitted into evidence during Allen's case-in-chief. The officers, during presentation of their own case, then attempted to ask the two members about the Commissioner's intent when they voted to incorporate Carefree.

Allen objected to that line of questioning, and the trial court sustained Allen's objection.

We conclude that the trial court did not err in excluding the two Commissioner's testimony on the Crawford County Commissioners' intent. Boards and commissions speak or act officially only through the minutes and records made at duly organized meetings. *Brademas v. St. Joseph County Commissioners* (1993), Ind.App., 621 N.E.2d 1133, 1137. Thus, the testimony of two Commissioners is inadmissible to prove the legislative intent of the full body.