Mark STEPP, Anita Stepp (Deceased), and Agreeable Motors, Inc., Appellants–Defendants,

v.

Beverly DUFFY and Kenneth Duffy, Appellees–Plaintiffs.

No. 49A04–9612–CV–526.

Court of Appeals of Indiana.

Sept. 22, 1997.

Rehearing Denied Nov. 4, 1997.

150

James C. Spencer, Indianapolis, for Appellants–Defendants.

Steven R. Hofer, Indianapolis, for Appellees–Plaintiffs.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendants–Appellants Mark Stepp, Anita Stepp (deceased), and Agreeable Motors, Inc. (collectively, "Agreeable") appeal the trial court's award of post-judgment attorney fees to Plaintiffs–Appellees Beverly and Kenneth Duffy (collectively, "Duffy").

We affirm.

### ISSUES

Agreeable raises one issue with numerous subparts, which we expand and restate as follows:

1. Whether Duffy's request for post-judgment attorney fees was filed in a timely manner.

2. Whether the trial court had jurisdiction to award post-judgment attorney fees in this matter.

3. Whether the trial court's award was improper because Agreeable was the "prevailing party" in the initial appeal of this matter.

4. Whether the trial court's award was excessive.

### FACTS AND PROCEDURAL HISTORY

On April 20, 1992, Duffy purchased a used 1988 Buick LeSabre from Agreeable. At the time of the purchase, the vehicle's odometer indicated a reading of 75,054 miles. Sometime after the purchase of the vehicle, Duffy contacted the former owner of the vehicle. The former owner indicated that the vehicle had approximately 114,000 miles on it at the time he traded it in.

Duffy filed a complaint for damages against Agreeable alleging fraud, a violation of the Federal Odometer Act, and a violation of the Indiana Deceptive Consumer Sales Act. A bench trial was held, a violation of the Federal Odometer Act was found, and judgment was entered for Duffy. The judgment included an award of statutory treble damages in the amount of $7,650.00 and statutory (trial) attorney fees in the amount of $7,194.54, with a total judgment in the amount of $14,844.54.

Agreeable appealed the trial court's judgment alleging, among other things, that the trial court erred in finding that Agreeable violated the Federal Odometer Act. Agreeable also alleged that the trial court erred in awarding (trial) attorney fees and in computing the amount of damages. This court affirmed the trial court's judgment, but remanded with instructions for a recalculation of the damages award. *See Stepp v. Duffy*, 654 N.E.2d 767 (Ind.Ct.App.1995), *reh'g denied, trans. denied ("Stepp I")*.

Following the issuance of *Stepp I* on August 7, 1995, but before denial of Agreeable's petition for rehearing on October 24, 1995, Duffy moved for a status conference in the trial court "to determine post-judgment issues, remedies and procedures relative to damages, post-judgment attorney fees, and release of appeal bond." (R. 24). Upon Agreeable's request, the trial court postponed the status conference until this court ruled on a petition for rehearing, and the supreme court ruled on a petition to transfer. A status conference was held on June 5, 1996, in which the issue of post-judgment attorney fees was discussed. On June 19, 1996, Duffy filed an "Amended Motion For Post–Judgment Attorney Fees" which characterized the previous motion for status conference as the original motion for post-judgment fees. Agreeable objected to the award of post-judgment attorney fees in a petition filed on June 28, 1996.

On August 23, 1996, the trial court held a hearing on the damage issue raised in *Stepp I*. It also heard evidence on the question of post-judgment attorney fees. Subsequently, the trial court decreased the damage award in the previous judgment to $2,250.00, and restated the original (trial) attorney fee award of $7,194.54. It also entered judgment of $8,977.00 in post-judgment attorney fees. Agreeable now appeals the trial court's award of post-judgment fees.

*DISCUSSION AND DECISION*

I. TIMELINESS

■ Agreeable contends that Duffy's petition for post-judgment attorney fees was not filed in a timely manner. Agreeable concedes that unlike the Federal Courts, the State does not have a rule which delineates the filing deadline.[1] Agreeable contends, however, that the filing deadline is set by case law.[2] Duffy counters that case law, while giving advice as to the preferred method for ruling on petitions for post-judgment attorney fees, does not set a deadline for the filing of such petition.

Both Agreeable and Duffy cite *Templeton v. Sam Klain & Son, Inc.*, 425 N.E.2d 89 (Ind.1981), as supportive of their respective positions. In *Templeton*, the appellee petitioned for appellate attorney fees immediately after the appellant initiated appellate proceedings. The trial court granted the petition subsequent to the filing of the record on appeal but prior to the filing of appellate briefs. Our supreme court held that the although the filing of the petition was timely, "it should have been held in abeyance until the appeal has been concluded." *Id.* at 95. In *Parrish v. Terre Haute Savings Bank*, 438 N.E.2d 1, 3 (Ind.Ct.App. 1982), we held that *Templeton* supported the appellee's request for appellate fees in a petition filed along with its appellee's brief. We noted that a petition filed with either the trial court or the appellate court is appropriate. *Id.* Both *Templeton* and *Parrish* cited *Willsey v. Hartman*, 150 Ind.App. 485, 276 N.E.2d 577, 578 (1971), in which this court held that an appellee cannot rely on an argument for fees in his brief, but must file a petition with the trial court or appellate court.

■ The cases cited by Agreeable do not lead to the conclusion that Duffy's petition for post-judgment fees was untimely. The cases merely approve the timing of the petitions filed in those cases or disapprove the procedure of requesting fees in an appellee's brief without filing a petition in the trial or appellate courts. In addition, the cases man-

---

1. Federal Rule of Civil Procedure 54, as amended in 1993, requires motions for attorney fees to be filed and served no later than fourteen days after entry of judgment, unless otherwise provided by statute or order of the court. Advisory Committee Notes to the 1993 Amendment declare one of the purposes of the amendment to be "to assure that the opposing party is informed of the claim before the time for appeal has elapsed." The Notes further declare that "[p]rior law did not prescribe any specific time limit on claims for attorney fees."

2. Although there is not an explicit reference to the Federal Odometer Law in the petition, it is clear that Duffy's request for post-judgment attorney fees, like his previous claim for trial attorney fees, is based upon that statute. The propriety of an award of attorney fees for a frivolous appeal under Ind.Appellate Rule 15 is not the issue before us.

date that a ruling on a petition be deferred until the appeal is completed.

■ In the present case, Duffy gave notice of his intent to claim post-judgment attorney fees immediately after the issuance of our opinion in *Stepp I*. The trial court wisely ruled that the issue, along with other post-judgment issues, be held in abeyance until after the denial of Agreeable's petitions for rehearing and transfer. Duffy immediately filed its "amended" petition with the trial court after the status conference on the case. We do not find Duffy's petition to be untimely under any rule of procedure or case law holding.[3]

## II. JURISDICTION

■ Agreeable contends that upon remand the trial court had jurisdiction to decide only the issue of damages. Agreeable also contends that under the general rule of "law of the case," Duffy was prohibited from requesting post-judgment attorney fees. Agreeable cites *Carter v. Allen*, 631 N.E.2d 503 (Ind.Ct.App.1994), and *Herrell v. Casey*, 609 N.E.2d 1145 (Ind.Ct.App.1993), in support of its contentions.

■ In *Carter*, we held that a trial court, once it has been divested of jurisdiction of a case, does not have jurisdiction to void its prior judgment. 631 N.E.2d at 507 (citing *Chapin v. Hulse*, 599 N.E.2d 217 (Ind. Ct.App.1992), *trans. denied* ). In *Herrell*, we held that "[w]hether the trial court upon remand has jurisdiction to make additional factual inquiries or to hear new issues depends upon what issues are decided upon appeal and what issues are expressly or impliedly reserved upon remand." *Id.* at 1146. However, we noted that the general rule of "law of the case" is a discretionary rule of practice which, unlike the doctrine of *res judicata*, need not be uniformly and rigidly applied. *Id.* at 1147. The limitation upon a trial court's jurisdiction after a remand is based upon the expectation that the trial court will do what it was requested to do by the appellate court. *Skendzel v. Marshall*, 263 Ind. 337, 330 N.E.2d 747, 749 (1975). An appellate court "retains" jurisdiction "to see that its instructions are carried out." *Id.*

■ Here, this court affirmed the award of trial attorney fees and remanded for reconsideration of the damage issue. The trial court complied with our instructions on the damage issue and reiterated its award of trial attorney fees. The trial court also considered Duffy's post-appeal petition for post-judgment attorney fees, a petition which we have determined was timely filed. We do not find that the trial court was attempting to void its prior judgment by ruling on Duffy's petition, nor do we find that consideration of the petition was controlled by the rule of "law of the case." The trial court did not exceed its jurisdiction in ruling on a post-judgment matter.[4]

## III. PREVAILING PARTY

■ Agreeable contends that the trial court erred in awarding post-judgment attorney fees to Duffy because the award penalizes Agreeable for pursuing the issue of whether the trial court correctly determined the amount of damages. Agreeable characterizes itself as the prevailing party because it convinced this court to reverse on the damage award issue, resulting in a significant reduction of the award on remand.

■ A prevailing party may receive an award of attorney fees pursuant to a statutory or contractual provision allowing such an award. The losing party, however, is not entitled to fees. *Houston v. Booher*, 647 N.E.2d 16, 22 (Ind.Ct.App.1995). In the present case, Agreeable raised five issues on appeal. We held against Agreeable on the issues of whether (1) the evidence was sufficient to support the verdict, (2) the trial court erred in finding the Stepps individually liable, (3) the trial court erred in finding Anita Stepp personally liable, and (4) the

---

3. In arguing their respective positions, the parties list the advantages and disadvantages of particular deadlines for filing requests for post-judgment fees. We note that it is not the function of an intermediate appellate court to promulgate a rule in this matter.

4. We note that Agreeable did not discuss what application, if any, the doctrine of *res judicata* would have in this matter.

trial court erred in awarding trial attorney fees. As noted by Agreeable, we did remand for a recalculation of damages. In our final disposition we stated, "The judgment is affirmed, but the cause is remanded to the trial court with instructions that it recalculate the award of damages consistent with the principles set out in this opinion." *Stepp I,* 654 N.E.2d at 776. We find that Duffy is the prevailing party.

Agreeable contends that the fee award serves to unfairly punish it for successfully appealing the amount of the damage award. Agreeable argues that an award of post-judgment fees has the "chilling effect of telling a potential appellant that [it] should not pursue an appeal even though the trial court is incorrect in its calculation...." Appellant's Brief at 13.

The concerns raised by Agreeable can be assuaged by apportionment of fees. We address the issue of apportionment in Section IV below.

## IV. AWARD AMOUNT

Agreeable contends that the award of post-judgment attorney fees was excessive. Agreeable argues that it should not have been ordered to pay the fees generated by Duffy's counsel in preparing optional briefs in opposition to Agreeable's petitions for rehearing and transfer. Agreeable also argues that it should not have been ordered to pay the fees generated in Duffy's unsuccessful defense of the trial court's original damage award. Finally, Agreeable argues that the fee award is out of proportion when compared to the actual damage award and the fees generated by Agreeable's attorney.

The award of a particular amount of attorney fees is within the trial court's discretion, and we will reverse only when an abuse of discretion is apparent. *Zebrowski and Associates, Inc. v. City of Indianapolis,* 457 N.E.2d 259, 264 (Ind.Ct.App.1983). An abuse of discretion is apparent when the trial court's decision is clearly against the logic and effect of the facts and circumstances

before the court. *Valadez v. R.T. Enterprises, Inc.,* 647 N.E.2d 331, 333 (Ind.Ct.App. 1995).

The record shows that Agreeable did question Duffy's attorneys about the propriety of an award for fees generated in preparing optional briefs in opposition to Agreeable's petitions for rehearing and transfer. However, Agreeable did not establish as a matter of law that it was unreasonable for Duffy to protect previous favorable rulings by filing briefs in opposition to Agreeable's petitions. We cannot say that the trial court abused its discretion in including these fees in its award.

Agreeable cites *Marshall v. Reeves,* 262 Ind. 403, 316 N.E.2d 828 (Ind.1974), in support of its argument that fees generated in opposition to Agreeable's petitions should have been excised from the trial court's award. In *Marshall,* our supreme court held that the appellee could not recover transfer and attorney fees as "costs" to be borne by the appellant under Ind.Appellate Rule 15. We note that the award of attorney fees under the Federal Odometer Act is not controlled by the definition of "costs" in App.R. 15.[5]

An excessive attorney fee award can be avoided when fees are apportioned according to the significance of the issues upon which a party prevails, balanced against those on which the party does not prevail. This apportionment will also serve to insure that an appellant is not penalized for bringing an appeal that is at least partially successful.

In the present case, the record and hearing transcript reveal that Agreeable urged the trial court to either deny Duffy's petition for fees *in toto* or, as discussed above, to subtract out the fees generated in the preparation of optional briefs. Agreeable did not make any effort to inform the trial court that the fees should be apportioned or how apportionment could be accomplished. Agreeable cannot raise the issue of appor-

---

**5.** We note that App.R. 15 has been amended to include the transfer fee in the definition of "costs."

tionment for the first time on appeal. Because Agreeable did not raise the issue of apportionment below, the issue is waived. *See Lock v. State,* 567 N.E.2d 1155, 1160 (Ind.1991), *cert. denied* 503 U.S. 991, 112 S.Ct. 1686, 118 L.Ed.2d 400 (1992). Furthermore, given Agreeable's failure to argue for or set out a method of apportionment, we cannot say that the trial court's award is so out of proportion to the damage award that it constitutes an abuse of the trial court's discretion.

In an attempt to show that the attorney fee request was out of proportion, Agreeable invited the trial court to find that Duffy's use of two attorneys was unreasonable. Agreeable also compared the fees requested by Duffy's attorneys to the fee charged by its attorney. The record reveals that Duffy's attorneys explained how they avoided duplication of effort and saved time by concentrating on respective strengths. The trial court was within its discretion in accepting the attorneys' explanation.

### CONCLUSION

The trial court did not err in awarding post-judgment attorney fees to Duffy. Furthermore, the trial court did not abuse its discretion in awarding the full amount requested by Duffy.

Affirmed.

SHARPNACK, C.J., concurs.

DARDEN, J., concurs in result.