CASTLEWOOD PROPERTY OWNERS ASSOCIATION, INC. Appellant–Defendant,

v.

Connee TREPTON and Ronald Gruszka, Appellees–Plaintiffs.

No. 45A03–9808–CV–368.

Court of Appeals of Indiana.

Nov. 17, 1999.

Robert E. Stochel, Crown Point, Indiana, Attorney for Appellant.

Adam D. Decker, Austgen, Reed & Decker, P.C., Crown Point, Indiana, Attorney for Appellees.

## OPINION

RUCKER, Judge

Connee Trepton and Ronald Gruszka (referred to collectively as "Plaintiffs") sued the Castlewood Property Owners Association on a complaint for indemnification. After a bench trial, the court entered judgment in Plaintiffs' favor and awarded them attorney fees. Castlewood now appeals raising three issues for review which we consolidate and rephrase as: (1)

were Plaintiffs entitled to indemnification, and (2) if so, were Plaintiffs entitled to attorney fees in excess of $7,000.00 for collecting a $2,000.00 obligation.

We affirm.

Castlewood is a non-profit Indiana corporation which owns a residential subdivision in Dyer. The subdivision is governed by restrictive covenants which are enforced by a five-member board of directors. In early 1990, Plaintiffs were appointed to the board, and part of their responsibilities included serving on the architectural review committee. It was the responsibility of the committee to ensure that the requirements of the restrictive covenants were met. Any party desiring to build a home in the Castlewood subdivision had to comply with certain minimum construction standards, and their plans had to be approved by the committee. In the spring of 1990, a local builder, Donald Echterling, submitted plans to the architectural review committee for the construction of a single-family residence. The committee rejected Echterling's plans, but Echterling proceeded with construction anyway. Castlewood then filed a petition for preliminary injunction to prevent further construction. The petition named Echterling and the couple who had agreed to purchase the home, Janet and Kenneth Snyder (referred to collectively as "Echterling"). After a hearing, the trial court denied the petition. Thereafter, Echterling filed a counterclaim against Castlewood, Plaintiffs, and other members of the board seeking damages for the alleged willful and wanton conduct in denying their house plans. Before the issue proceeded to trial, Plaintiffs settled with Echterling. In consideration of a $2,000.00 payment, Echterling executed a covenant not to sue and dismissed Plaintiffs from the lawsuit. Plaintiffs then submitted a written request to Castlewood seeking indemnification as corporate officers for costs in settling the action. When Castlewood refused indemnification, Plaintiffs filed a complaint for declaratory judg-

ment seeking the trial court to declare the terms and conditions for indemnification of board members acting in their official capacities. After a bench trial, the trial court entered judgment in favor of Plaintiffs for $2,000.00. The trial court also awarded Plaintiffs $7,509.75 in attorney fees. This appeal followed.

■ At Castlewood's request, the trial court entered findings and conclusions thereon in support of its judgment. When a party has requested special findings of fact and conclusions of law pursuant to Ind. Trial Rule 52(A), the reviewing court must first decide whether the evidence supports the findings and second whether the findings support the judgment. *Panhandle Eastern Pipe Line Co. v. Tishner,* 699 N.E.2d 731, 736 (Ind.Ct.App.1998). The findings and judgment will be reversed only when clearly erroneous. *G & N Aircraft, Inc. v. Boehm,* 703 N.E.2d 665, 672 (Ind.Ct.App.1998), *reh'g denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Temby v. Bardach,* 699 N.E.2d 775, 777 (Ind.Ct.App.1998). The judgment is clearly erroneous when it is not supported by the findings of fact and the conclusions of law entered on the findings. *G & N Aircraft,* 703 N.E.2d at 672. In making these determinations we shall neither reweigh the evidence nor judge witness credibility but consider only the evidence and the inferences flowing therefrom which are most favorable to the judgment. *Panhandle,* 699 N.E.2d at 736.

■ Castlewood complains that Plaintiffs did not comply with the statutory requirements for indemnification, and therefore the trial court erred by awarding them $2,000.00 in damages. The Indiana Nonprofit Corporation Act of 1991 ("the Act") provides in relevant part:

If an individual is made a party to a proceeding because the individual is or was a director, a corporation may in-

demnify the individual against liability incurred in the proceeding if:

(1) The individual's conduct was in good faith; and

(2) The individual reasonably believed:

(A) In the case of conduct in the individual's official capacity with the corporation, that the individual's conduct was in the corporation's best interests; . . . .

Ind.Code § 23–17–16–8.

A corporation may pay for or reimburse the reasonable expenses incurred by a director who is a party to a proceeding in advance of final disposition of the proceeding if the following occur:

(1) The director furnishes the corporation a written affirmation of the director's good faith belief that the director has met the standard of conduct described in [Ind.Code § 23–17–16–8].

(2) The director furnishes the corporation a written undertaking, executed personally or on the director's behalf, to repay an advance if it is ultimately determined that the director did not meet the standard of conduct.

Ind.Code § 23–17–16–10. Castlewood acknowledges that it may have been obligated to pay the settlement cost in the Echterling–Snyder litigation. However, according to Castlewood, it was not obligated to do so in this instance because the Act required Plaintiffs to furnish Castlewood, in advance of any settlement, a written statement that Plaintiffs' conduct was undertaken in good faith. Here, Plaintiffs provided the information after they had reached settlement.

We disagree with Castlewood's reading of the statute. Nothing in the plain language of the Act mentions the timing of a director's statement of good faith. The only requirement is that a director furnish the corporation with the statement. In this case, the trial court found and the evidence of record shows that Plaintiffs furnished Castlewood with written affirmation of their good faith belief that they met

the standard of conduct described in Ind. Code § 23–17–16–8. The trial court found and we agree that the written affirmation was provided Castlewood "in advance of final disposition of the proceeding" as required by 23–17–16–10. We find no error on this issue.

■ Castlewood also contends that Plaintiffs' $2,000.00 settlement payment was unreasonable and not made in the best interest of the corporation. In support of this contention, Castlewood points to testimony of the corporation's attorney who stated Plaintiffs' settlement was "in their own interest as people but not [Castlewood's]" R. at 279, and that the Echterling–Snyder lawsuit "was not meritorious." R. at 286. Castlewood's argument is essentially a request that we reweigh the evidence and judge witness credibility. In denying Castlewood's motion for preliminary injunction, the court found "the Architectural Review Committee has acted in an arbitrary and capricious manner in denying permission to the defendants to construct the house in question." R. at 332. The counter claim filed against Castlewood was based on those same grounds and sought compensatory damages in excess of $175,000 and punitive damages in excess of $350,000. Plaintiffs testified they settled in order to keep the cost of litigation lower. This evidence is sufficient for a determination that Plaintiffs acted in the best interests of the corporation. Further, the fact that the case would be dismissed some years later does not mean it lacked merit at the time it was filed. We find no error here.

■ Next, Castlewood contends the trial court erred in awarding Plaintiffs attorney fees. Generally, attorney fees are not recoverable from the opposing party in the absence of an agreement between the parties, statutory authority, or a rule to the contrary. *City of Hammond v. Marina Entertainment Complex, Inc.,* 681 N.E.2d 1139, 1142 (Ind.Ct.App.1997), *trans. denied,* 690 N.E.2d 1187. In this case the Act provides in relevant part:

Unless limited by articles of incorporation, a corporation shall indemnify a director who was *wholly successful, on the merits or otherwise,* in the defense of a proceeding to which the director was a party, because the director is or was a director of the corporation, against reasonable expenses actually incurred by the director in connection with the proceeding.

Ind.Code § 23–17–16–9 (emphasis added).

Unless a corporation's articles of incorporation provide otherwise, a director of the corporation who is a party to a proceeding may apply for indemnification to the court conducting the preceding or to another court of competent jurisdiction. On receipt of an application, the court may, after giving any notice the court considers necessary, order indemnification in the amount the court considers proper if the court determines one (1) of the following:

(1) The director is entitled to mandatory indemnification under section 9 [Ind. Code § 23–17–16–9], in which case the court shall also order the corporation to pay the director's reasonable expenses [1] incurred to obtain court ordered indemnification.

Ind.Code § 23–17–16–11 (emphasis added). Castlewood argues that Plaintiffs did not actually defend the Echterling–Snyder proceeding, but rather they merely paid $2,000.00 in settlement. Thus, the argument continues, Plaintiffs were not "wholly successful on the merits or otherwise" and therefore were not entitled to attorney fees. We disagree with Castlewood's assessment. Faced with potential personal liability of several thousand dollars, Plaintiffs were specifically advised by the subdivision attorney to obtain private counsel. They did so and counsel proceeded to negotiate with the lawyers for Echterling. In exchange for the payment of $2,000.00, Echterling executed a covenant not to sue and dismissed Plaintiffs from the action. We fail to see how this conduct can be considered anything other than a defense of the proceedings.

■ As for Plaintiffs not being "wholly successful" we observe that the law favors the voluntary resolution of disputes. *Williams v. Rogier,* 611 N.E.2d 189, 197 (Ind.Ct.App.1993). Accordingly, settlement agreements, including covenants not to sue, are encouraged by the court. *Scott County v. Vaughn,* 704 N.E.2d 1029, 1034 (Ind.Ct.App.1998), *trans. denied.* In the absence of fraud or mistake, a settlement is as determinative of the parties' rights and obligations as a judgment on the merits. *409 Land Trust v. City of South Bend,* 709 N.E.2d 348, 350 (Ind.Ct.App.1999), *reh'g denied.* Plaintiffs were "wholly successful" in that although Castlewood's preliminary injunction was denied, Echterling did eventually change the home's plan and complete the home in accordance with the Plaintiffs' decision. Plaintiffs settled prior to the outcome so that a lengthy and costly proceeding could be avoided, which would have cost Castlewood more than $2,000.00 to defend. Thus, because Plaintiffs' decision was ultimately vindicated, they were "wholly successful" on the merits.

■ As its final point, Castlewood contends that even if attorney fees were proper, the trial court nonetheless abused its discretion in awarding attorney fees in excess of $7,500.00 when the settlement amount was for the relatively small amount of $2,000.00. The amount of an award for attorney fees is left to the sound discretion of the trial court. *Stepp v. Duffy,* 686 N.E.2d 148, 153 (Ind.Ct.App.1997), *trans. denied.* We will reverse an award of attorney fees only in the event of an abuse of discretion. *Id.* The trial court abuses its discretion only when its decision is clearly against the logic and effect of the facts and circumstances before the court. *Valadez v. R.T. Enterprises, Inc.,* 647 N.E.2d 331, 333 (Ind.Ct.App.1995). In determining the amount of attorney fees,

---

1. "Expenses" include attorney fees. *See* Ind. Code § 23–7–1.1–69.

there must be evidence supporting the trial court's award. *Posey v. Lafayette Bank and Trust Co.*, 583 N.E.2d 149, 152 (Ind. Ct.App.1991)

The record shows that Plaintiffs introduced the affidavit of their attorney in order to establish the amount of attorney fees to which they were entitled. Contained in the affidavit were the hourly billing rates for attorneys and law clerks which amounted to $100 and $45, respectively. In addition, there was a detailed bill submitted as an exhibit to the affidavit which explained the time spent and charged along with a description of the project. This evidence is sufficient to support the award of attorney fees. *In re Marriage of Boren*, 475 N.E.2d 690, 696 (Ind.1985).

Citing to *Trinkle v. Leeney*, 650 N.E.2d 749 (Ind.Ct.App.1995), Castlewood maintains that the award of attorney fees was unreasonable because there was no "complexity or novelty to this case." Amended Brief of Appellant at 26. The trial judge is considered an expert on the question of attorney fees, and he may or may not accept the evidence presented regarding the reasonableness of those fees. *Trinkle*, 650 N.E.2d at 754. Castlewood is again asking us to reweigh the evidence in its favor which we decline to do. *Id.* We conclude the trial court did not abuse its discretion in awarding Plaintiffs $7,509.75 in attorney fees.

Judgment affirmed.

STATON, J., and NAJAM, J., concur.