THE STATE OF INDIANA ON THE RELATION OF JAMES F. KELLEY, MARION COUNTY PROSECUTING ATTORNEY *v.* MARION COUNTY CRIMINAL COURT, DIVISION THREE AND ANDREW JACOBS, SR., PRESIDING JUDGE.

[No. 478S73. Filed July 25, 1978.]

*James F. Kelley,* Marion County Prosecuting Attorney, *Michael S. Miller,* Deputy Prosecuting Attorney, of Indianapolis, for relator.

The Honorable *Andrew Jacobs, Sr., John R. Cromer,* of Indianapolis, for respondent,

GIVAN, C.J.—On April 26, 1978, this Court conducted a hearing on the petition for an alternative writ of mandate and prohibition. Following the hearing a temporary writ was issued. We now make that writ permanent.

On December 29, 1976, one, Billie Quillin, was charged with armed robbery in the respondent's court under cause number CR 76-379 C. The first trial resulted in a hung jury. The defendant was tried again on March 17, 1977, and was convicted. On April 7, 1977, he was formally sentenced by the respondent to a determinate term of 13 years. A timely motion to correct errors was filed and overruled on July 7, 1977. On September 16, 1977, the respondent court *sua sponte* granted the defendant a new trial on the ground that a particular witness had not been called to testify at trial. This witness was a resident of the neighborhood in which the crime occurred and had testified at the first trial regarding a man in a red sports car in front of her home on the day of the robbery. It was the position of the respondent court that such testimony was relevant and might have tended to exculpate the defendant on the issue of identification. The relator filed a motion to reconsider and after the motion was overruled, sought a writ of mandate and prohibition from this Court.

Once a court acquires jurisdiction it retains jurisdiction until there is a final disposition of the matter or proceeding before it. *State ex rel. Wilson* v. *Lowdermilk,* (1964) 245 Ind. 93, 195 N.E.2d 476. After final judgment a court retains only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule. *On The Relation of Rosenbarger v. Marion Cir. Ct.,* (1958) 239 Ind. 132, 155 N.E.2d 125. TR. 59(A) permits the court on its own motion to enter an order correcting errors in the proceeding. However TR. 59(C) is explicit in its time limit for filing such a motion, stating that a "motion to correct errors shall be filed not later than sixty [60] days after the entry of judgment."

In the case at bar the respondent court sentenced the defendant on April 7, 1977. One hundred sixty-two days later, on September 16, 1977, he granted a new trial on his own motion. This action was beyond the authority to exercise jurisdiction pursuant to TR. 59. In order to effectuate some semblance of order in our judicial process there must be an end to litigation. Were we to hold that the respondent had jurisdiction to enter this order on the date entered, a trial court's jurisdiction over matters formerly litigated in that court would never terminate. Thus once the time had passed for a motion to correct errors to be filed, and a ruling had been made on such motion, the trial court had jurisdiction to act under TR. 59 only to the extent of considering timely filed motions or belated motions ruled proper under PC. 2.

We do not pass upon the question of whether the trial court could have issued such an order if filed within the 60-day time limit. Nor do we consider the possibility of the defendant subsequently filing a petition for post-conviction relief. We hold only that once the 60-day limit had passed and a ruling had been made on the motion to correct errors the trial court had no jurisdiction under TR. 59 to grant a new trial or correct errors on its own motion.

Accordingly, the temporary writ of mandate and prohibition is hereby made permanent.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE.—Reported at 378 N.E.2d 833.