GERMANIA, A Federal Savings Bank, Plaintiff–Appellant,

v.

THERMASOL, LTD., Defendant–Appellee.

No. 10A01–9010–CV–386.

Court of Appeals of Indiana, First District.

April 16, 1991.

William F. Engebretson, Clarksville, for plaintiff-appellant.

James N. Williams and Vonnell C. Tingle, Jeffersonville, for defendant-appellee.

BAKER, Judge.

Plaintiff-appellant Germania, Federal Savings Bank (Germania) appeals the trial court's order in favor of defendant-appellee ThermaSol, Ltd. (ThermaSol) on ThermaSol's motion for specific performance. The sole issue Germania raises for our review is whether the trial court exceeded its authority in granting this motion. We find the trial court had the authority to enter such an order, and therefore affirm the trial court's decision.

## FACTS

ThermaSol is a manufacturer and supplier of steambath units, and is the record owner of 72 steambath units installed in and leased to a hotel in Clarksville. Germania, the holder of a mortgage against the hotel, filed a foreclosure action in 1987 after the mortgagor defaulted. Pursuant to this action, Germania took possession of the property and has operated the property since 1987.

As part of the foreclosure action, and without objection from Germania, the trial court granted ThermaSol an order of replevin stating that ThermaSol was the sole owner of the steambath units and that it should have the immediate right to possession of the units. In addition, ThermaSol was granted a judgment for breach of the lease agreement in the amount of $1,146,-604.

ThermaSol has yet to obtain its steambath units from the hotel. In fact, after the order of replevin had been granted, ThermaSol was forced to get a court order to allow it to inspect the units. In March of 1989, after much negotiation and procedural turmoil, ThermaSol notified Germania that it had made arrangements to begin removing the units on April 17, 1989. Germania then became quite amenable to discussion, as the Kentucky Derby was nearing and the hotel was entering a busy period. Germania offered to remove the units at its own expense in June of 1989 and make the units available to ThermaSol for pickup, if ThermaSol would forego its plan to remove the units in April. ThermaSol accepted this offer, and cancelled its plans to begin removing the units.

Germania did not remove the units as it had agreed to do. Instead, it sent a letter to ThermaSol in October of 1989 demanding that ThermaSol remove the units. ThermaSol subsequently filed a supplemental claim for damages to compensate it for Germania's continued use of the steambaths, and a motion for specific performance to enforce the settlement agreement. The trial court found in favor of Germania on ThermaSol's supplemental claim for damages, but granted the motion for specific performance. Germania appeals the specific performance order.

## DISCUSSION AND DECISION

Germania does not attempt to contest the validity of the settlement agreement, and does not attempt to argue it complied with the agreement. It argues only that the trial court was without jurisdiction to enforce the settlement agreement. Germania contends the trial court had already found in favor of Germania on ThermaSol's supplemental claim for damages prior to the time ThermaSol filed its motion for an order of specific performance, and thus the court had no jurisdiction to entertain any other disputes between the parties. Germania cites no authority for this proposition.

732

The judicial policy of Indiana strongly favors settlement agreements. *Manns v. State of Indiana Department of Highways* (1989), Ind., 541 N.E.2d 929. It has long been the law in Indiana that a settlement agreement can be enforced by a trial court of general jurisdiction, and this court has cited with approval the federal rule that courts retain the inherent power to enforce agreements entered into in settlement of litigation which was pending before them. *Brant Construction Co. v. Lumen Construction Co.* (1987), Ind.App., 515 N.E.2d 868, *trans. denied.* Federal courts have noted that a settlement of litigation is always referable to the action in the court where the settlement was effective, and the carrying out of the agreement should be controlled in that court. *Id.* "Otherwise the compromise, instead of being an aid to litigation, would be only productive of litigation as a separate and additional impetus." *Id.* at 876 (quoting *Aro Corporation v. Allied Witan Co.* (6th Cir. 1976), 531 F.2d 1368, 1371, *cert. denied, Allied Witan Co. v. Aro Corporation* (1976), 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140). In *Brant,* under circumstances similar to those in the case at hand, this court stated "the twin interests of judicial economy and encouragement of settlement agreements are both served [by the trial court's ruling on the motion to enforce a settlement agreement]." *Brant, supra,* at 876.

In the present case, there was a valid agreement between the parties to resolve the dispute. Germania did not perform its part of the agreement. ThermaSol filed a motion for specific performance to enforce the agreement in the court in which the prior proceedings had taken place. We see no error in the trial court's ruling on this motion.

Judgment affirmed.

ROBERTSON and BARTEAU, JJ., concur.