Mark W. CHAPIN, Appellant–Plaintiff,

v.

Patricia A. HULSE, Appellee–Defendant.

No. 54A05–9109–CV–307.

Court of Appeals of Indiana,
Fifth District.

Sept. 14, 1992.

Peter L. Obremskey, Carol Sparks Drake, Parr Richey Obremskey & Morton, Lebanon, Terry E. Harris, Young Harris & Harvey, Crawfordsville, for appellant-plaintiff.

Thomas Todd Reynolds, Rocap Witchger & Threlkeld, Indianapolis, Harry A. Sia-mas, Crawfordsville, for appellee-defendant.

SHARPNACK, Judge.

Mark W. Chapin appeals the Montgomery Circuit Court's order granting Patricia Hulse's "Consolidated Motion for Relief from Judgment or Order and Motion to Dismiss" on grounds that a prior order, which itself had set aside an earlier judgment, was void. We affirm.

Chapin raises two issues which we restate as:

(1) Whether the trial court lacked jurisdiction to enter its September 28, 1989, order setting aside its original judgment.

(2) Whether Hulse waived her right to attack the September 28 order by not perfecting an appeal.

The outcome of this appeal turns entirely upon procedural grounds, and we therefore set out a detailed account of this case's convoluted history. As the result of an automobile accident, Chapin filed a personal injury action against Andrew Potter, the driver of the car in which Chapin was riding, and Hulse, the driver of the other car involved in the accident. Chapin reached a $20,000 settlement with Potter prior to trial and the case was dismissed as to Potter. The case against Hulse proceeded to trial during which Hulse, over Chapin's objection, presented evidence regarding Chapin's settlement with Potter. The jury returned the following verdict:

> "We, the jury, find that plaintiff, Mark W. Chapin, has been fully compensated by Andrew Potter for all damages suffered and therefore we find for defendant...."

(Record, p. 104.) The trial court then entered judgment for Hulse on August 11, 1988. The following is a summary of relevant events following that judgment:

11/10/88 Chapin filed a motion to correct error.

07/26/89 The trial court denied Chapin's motion to correct error.[1] The trial court found *Manns v. State Dep't*

---

1. Unlike the current version of Ind.Trial Rule 53.3(A), the rules did not then provide for a motion to correct error to be deemed denied if not ruled upon in a timely manner.

*of Highways* (1988), Ind.App., 524 N.E.2d 334 to be controlling on the issue of whether evidence of settlement with someone other than the defendant was admissible and that *Manns* required the court to submit a verdict form allowing the jury to find payment and satisfaction. However, six days after the denial of the motion to correct error, the supreme court vacated the court of appeals decision in *Manns*. *See Manns v. State Dep't of Highways* (1989), Ind., 541 N.E.2d 929.

08/14/89 Chapin responded to the supreme court ruling by filing a motion to reconsider the denial of his motion to correct error.

*09/28/89 The trial court granted Chapin's motion to reconsider, vacated its ruling on Chapin's motion to correct error, vacated the August 11, 1988,[2] judgment for Hulse, and continued the case for trial.*

11/02/89 Hulse filed a motion to reconsider the trial court's order of September 28, which motion the trial court denied.

11/10/89 Hulse filed a praecipe for the record for transmittal to the supreme court.

11/21/89 Hulse filed a petition with the supreme court requesting it to issue a permanent writ of mandamus and prohibition requiring the trial court to vacate its September 28, 1989, order.

02/05/90 The supreme court notified Hulse that her petition would be denied without a hearing.

08/17/90 Hulse filed a consolidated motion for relief from judgment or order and motion to dismiss, pursuant to T.R. 60(B)(6), 12(B)(1), and 12(B)(2)[3] requesting the trial court to vacate its September 28, 1989, order on the basis that the order was void for want of jurisdiction.

11/01/90 The supreme court issued its written opinion denying Hulse's petition for writ of mandamus and prohibition. *State ex rel. Hulse v. Montgomery Circuit Court* (1990), Ind., 561 N.E.2d 497.[4]

06/04/91 The trial court granted Hulse's consolidated motion for relief from judgment and motion to dismiss (filed 8/17/90) and reinstated its July 26, 1989, order overruling Chapin's motion to correct error as the final order in the case.

In her T.R. 60(B) motion, Hulse contended that the trial court had no jurisdiction to grant Chapin's motion to reconsider. According to Hulse, the court lost its jurisdiction when it denied Chapin's motion to correct error. Furthermore, Hulse claimed that the motion to reconsider was deemed denied per T.R. 53.4(B) when the trial court failed to act upon it within 5 days of its filing.

■■■ We agree with Hulse that the trial court had lost jurisdiction over this case prior to the September 28 order. Once a trial court acquires jurisdiction, it retains jurisdiction until it makes a final disposition of the case. *State ex rel. Kelly v. Marion County Criminal Court, Div. Three* (1978), 269 Ind. 46, 47, 378 N.E.2d 833, 834. After final judgment, the issuing court retains "only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule." *Id.* In the present case, the trial court made a final disposition of the cause when it entered judgment on the jury's verdict. We are aware of no statute or trial rule that provides the court with con-

---

**2.** The court's order alternately made reference to an April 11, 1988, judgment and an August 11, 1989, judgment, both of which apparently referred to the August 11, 1988, judgment for Hulse.

**3.** The parties and the trial court treat the T.R. 60(B) claim as dispositive of the success of the motion and we do as well.

**4.** In its opinion, the court did not challenge Hulse's general statements of law. However, the court stated, "we decline to use an original action to substitute for a missed appeal." *State ex rel. Hulse v. Montgomery Circuit Court* (1990), Ind., 561 N.E.2d 497, 498, *reh'g denied.* Justice DeBruler dissented, contending that the September 28 order was void, having been made after the time in which Chapin had to file a praecipe to initiate an appeal following the denial of his motion to correct error.

tinuing jurisdiction over the case. Arguably T.R. 53.4 allows a court, pursuant to motion, to reconsider any ruling or order. However, such motions are deemed denied if not acted upon within five days pursuant to T.R. 53.4(B). Likewise, although the trial court has the power pursuant to T.R. 59(B) to correct error on its own motion, it must do so within the time allowed for filing a motion to correct error. *Id.* Sufficient time expired here to preclude the exercise of jurisdiction under either rule. Furthermore, Chapin is afforded no relief from I.C. § 33–1–6–3, which provides that courts generally retain jurisdiction over their judgments for 90 days because the September 28 judgment was clearly outside the 90–day period.

■■■ Chapin, however, argues that a trial court has limited jurisdiction to vacate judgments pursuant to T.R. 60(B), and that, although not denominated as such, his motion to reconsider was substantively a T.R. 60(B) motion. According to Chapin, his motion alleged the existence of a new fact: the supreme court's reversal in *Manns*, which removed the underpinnings of the trial court's denial of his motion to correct error. We disagree.

T.R. 60(B) provides that, upon such terms as are just, a court can relieve a party from the entry of a final judgment based upon:

"(2) any grounds for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct error under Rule 59.

\* \* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)."

However, neither of the above quoted provisions contemplates a subsequent change in law as grounds for relief. *Sheraton*

*Corp. of America v. Korte Paper Company, Inc.* (1977), 173 Ind.App. 407, 410, 363 N.E.2d 1263, 1264–1266. Trial Rule 60(B) is not to be used as a substitute for direct appeal. The fact that a subsequent decision in a different case recognizes a similar legal error "merely demonstrates that had the claimant appealed he would have succeeded, assuming the allegedly identical evidence." 173 Ind.App. at 412, 363 N.E.2d at 1265.

■■■ Chapin next argues that Hulse has waived her right to assert that the trial court had no jurisdiction to enter the September 28 order by virtue of her failure to appeal from that order.[5] Hulse responds that, due to the asserted lack of jurisdiction, the trial court's judgment was void and a void judgment may be attacked at any time.

To succeed under T.R. 60(B)(6), the petitioner must show that the judgment is void not merely voidable. *D.L.M. v. V.E.M.* (1982), Ind.App., 438 N.E.2d 1023, 1029. The distinction between the terms "void" and "voidable" is critical in this context. That which is "void" has no legal effect at any time and cannot be confirmed or ratified by subsequent action or inaction. That which is "voidable" has legal effect until such time as challenged in the appropriate manner and can be ratified or confirmed by subsequent action or inaction. *Trook v. Lafayette Bank and Trust Co.* (1991), Ind., 581 N.E.2d 941, 944 *trans. denied.* A judgment (or appealable order) that is voidable may only be attacked through a direct appeal, *D.L.M.*, 438 N.E.2d at 1028, whereas a void judgment is subject to collateral attack. *Trook*, 581 N.E.2d at 944.

Because Hulse failed to appeal the September 28 order, we must address the question of whether the trial court's lack of jurisdiction to enter that order renders it void, or merely voidable. As the *Trook* court noted, "[n]owhere is the distinction

---

**5.** On its face, the September 28 order was an appealable final order pursuant to T.R. 59(F) which provides:

"Any modification or setting aside of a final judgment or an appealable final order following the filing of a motion to correct error shall be an appealable final judgment or order."

between 'void' and 'voidable' more clearly brought into focus than in the area of jurisdiction." *Id.* According to the *Trook* court, there are three jurisdictional elements in every case: personal jurisdiction, subject matter jurisdiction and jurisdiction over the particular case. *Id.*[6] Of the three, only judgments for which the trial court lacks subject matter jurisdiction are void. *Id.; see also Behme v. Behme* (1988), Ind.App., 519 N.E.2d 578.

Under the *Trook* approach, the answer to our question lies simply in classifying Hulse's jurisdictional attack under one of the above-mentioned categories. The relevant inquiry in a determination of whether a court has subject matter jurisdiction is whether the type of claim advanced falls within the general scope of authority conferred upon the court by the Constitution or statute. *Behme,* 519 N.E.2d at 582. The Montgomery Circuit is a court of general jurisdiction, and thus had subject matter jurisdiction to decide a tort action. *See* I.C. § 33–4–4–3.

However, a *Trook* analysis does not account for several cases in which reviewing courts of this state have found to be void judgments or orders rendered by courts that had subject matter jurisdiction. In *McIntosh v. Monroe* (1953), 232 Ind. 60, 111 N.E.2d 658, the trial court, with the agreement of the parties, set aside an order overruling the defendant's motion for a new trial entered eight months prior, reinstated the original judgment, and again overruled the motion for a new trial. In doing so, the trial court attempted to give the defendant, who apparently had not perfected an appeal, 90 days in which to appeal. 232 Ind. at 62, 111 N.E.2d at 660. In

dismissing the defendant's appeal, the supreme court first stated the principle that no court can reverse or annul its own final decree for errors of fact or law after the expiration of the term in which it is issued.[7] 232 Ind. at 63, 111 N.E.2d at 660. Based upon that principle, the court declared the order setting aside the initial denial of the motion for a new trial to be "null and void." *Id.* The court explained that the defendant had made no effort to perfect an appeal within the time allowed following the judgment or the ruling on his first motion for a new trial. The court then concluded that the "void" order did not affect the original judgment or toll the time within which to perfect the appeal. *Id.*

In *Kratkoczki v. Regan* (1978), 178 Ind. App. 184, 381 N.E.2d 1077, the trial court had granted a motion to correct error filed beyond the time allowed by the trial rules and remanded the cause to the Probate Commissioner. When the case again came before the trial court, the court issued a judgment similar to its original judgment. The appellate court dismissed Kratkoczki's appeal on the ground that the trial court's grant of the first motion to correct error was a nullity due to the court's lack of jurisdiction. 178 Ind.App. at 187, 381 N.E.2d at 1079. Furthermore, all subsequent actions predicated on that ruling were "tainted by its nullity" and were similarly ineffectual. *Id.* The court of appeals found itself to be without jurisdiction to entertain the appeal and dismissed the appeal but with an order to the trial court to reinstate its original judgment. 178 Ind. App at 191, 381 N.E.2d at 1081. *See also Michigan Mutual Liability Co. v. Perez* (1965), 137 Ind.App. 247, 207 N.E.2d 368.[8]

---

**6.** *See also Williams v. Williams* (1990), Ind., 555 N.E.2d 142, 144; *Board of Trustees of Town of New Haven v. City of Fort Wayne* (1978), 268 Ind. 415, 423, 375 N.E.2d 1112, 1117; *State ex rel. Dean v. Tipton Circuit Court* (1962), 242 Ind. 642, 181 N.E.2d 230, 235; *Decatur County Rural Electric Membership Corp. v. Public Service Co. of Indiana* (1979), 150 Ind.App., 193, 197, 275 N.E.2d 857, 860; *Miller v. Muir* (1944), 115 Ind. App. 335, 353, 56 N.E.2d 496, 504.

**7.** Term time and vacation time have been abolished. I.C. § 33–1–6–1.

**8.** In *Perez,* the defendant in a supplemental proceeding attacked the underlying default judgment as void for lack of jurisdiction due to the fact that the trial court had entered the default judgment while a motion for change of venue was pending. The appellate court agreed, reasoning that once the motion for change of venue was filed, the trial court lost all jurisdiction except in emergency matters needing prompt attention. 137 Ind.App. at 256–257, 207 N.E.2d at 373. The court further held that the judgment was void and properly subject to collateral attack. *Id.*

However, the case of *Farley v. Farley* (1973), 157 Ind.App. 385, 300 N.E.2d 375, which is also on point, stands in opposition to *McIntosh* and *Kratkoczki*. In *Farley*, the court, by special judge, entered a divorce decree on June 23, 1971. On November 19, 1971, the special judge entered an order for the husband to pay suit money. Husband, pursuant to T.R. 60, petitioned the court to reconsider its ruling on the suit money. On December 6, the special judge amended his November 19 order and again assessed suit money against Husband. 157 Ind.App. at 385, 300 N.E.2d at 383. On appeal, Husband contended that the trial court was barred from entering an award for suit money 149 days after it entered the divorce decree; however, Husband had failed to raise that issue in his motion to correct error. Husband attempted to avoid the operation of the waiver doctrine by asserting that a judgment could be attacked at any time for lack of subject matter jurisdiction. The court, however, concluded that, even if Husband's contention that the expiration of time divested the trial court of power to amend its original judgment was correct, the court was only deprived of its power to act in that particular case, not of its subject matter jurisdiction to act in the general class of divorce cases. 157 Ind.App. at 388, 300 N.E.2d at 383. Accordingly Husband could not challenge on appeal the jurisdiction of the trial court to enter the order because he had failed to preserve error. *Id.*

Although all of the above cases are somewhat factually distinguishable from the case before us, they each address the basic question of the effect of orders or judgments entered after a court has entered what, in the usual run, would be its final judgment. We do not believe that there is a principled way to harmonize *Farley* with *McIntosh* and *Kratkoczki*. We therefore must follow the decision of our supreme court in *McIntosh* and treat the September 28, 1989, order as void. Although we believe that the *Trook* approach, which the *Farley* court applied, provides guidance for the majority of jurisdictional issues, it fails to account for the distinct situation where trial courts, having once had jurisdiction, have been divested of that jurisdiction and still attempt to exercise their powers. Normally, the goal of finality of judgments is served by classifying judgments which might in fact be invalid as merely voidable where a party has assented to the error either by failing to perfect an appeal or by failing to raise the error on appeal. *See Restatement (Second) of Judgments* § 12 comment a (1982). Here, however, the goal of finality would be jeopardized by allowing the court to reverse its own final judgment outside of the narrowly recognized circumstances under which such action is allowed. The principle of finality is actually furthered by allowing such a reversal to be collaterally attacked.

▇ Finally, Chapin urges us to address what he contends was error in the trial court's original judgment even if we find that the trial court properly granted Hulse's T.R. 60(B) motion. However, as we have already stated, Chapin failed to appeal from that judgment and has therefore waived his right to assert any error.

In sum, we find that the trial court properly granted Hulse's T.R. 60(B) motion because the September 28 judgment granting Chapin a retrial was void. We therefore affirm the judgment of the trial court reinstating its original judgment in favor of Hulse.

AFFIRMED.

BARTEAU and BUCHANAN, JJ., concur.