Michael GEORGOS and Pangere
Corporation, Appellants–
Defendants,

v.

Claude JACKSON, Appellee–Plaintiff.

No. 45A03–0106–CV–216.

Court of Appeals of Indiana.

Feb. 4, 2002.

Daniel G. Suber, Daniel G. Suber &
Associates, Valparaiso, IN, Attorney for
Appellants.

Jerry T. Jarrett, Robert L. Lewis & Associates, Gary, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants/Cross–Defendants, Michael Georgos (Georgos) and Pangere Corporation (hereinafter collectively referred to as "the Appellants"), appeal the trial court's grant of Appellee/Cross–Claimant's, Claude Jackson (Jackson), Motion for Relief from Judgment.

We reverse and remand for proceedings consistent with this opinion.

### ISSUES

The Appellants raise four issues on appeal, one of which we find dispositive and restate as follows: whether the trial court lacked jurisdiction to grant Jackson's Motion for Relief from Judgment.

### FACTS AND PROCEDURAL HISTORY

The facts relevant to our disposition are as follows. On April 18, 1996, Jackson was involved in an automobile accident with Georgos, who was driving a truck owned by Pangere Corporation. Originally, suit was brought against Jackson, Georgos, and Pangere Corporation by Luther Stewart (Stewart), a passenger in Jackson's vehicle.

On January 16, 1998, Jackson filed a cross-claim against the Appellants for injuries he sustained in the April 18, 1996 accident. On November 2, 1998, a court-ordered mediation was held. Jackson's attorney and the Appellants' attorney were present. Additionally, a representative from Georgos and Pangere Corporation's insurance company was present. Jackson did not personally appear at the mediation.

A settlement agreement was reached whereby the Appellants agreed to pay Jackson $94,500.00 in exchange for a full release. Sometime thereafter, Jackson rejected the agreement reached in mediation.

On March 16, 1999, the Appellants filed a Motion to Enforce Mediation Settlement Agreement. On March 25, 1999, Jackson filed his Response to Cross Defendants' Motion to Enforce Settlement Agreement. In his response, Jackson argued that:

> The agreement entered into between the parties was and is void and/or voidable on the grounds that it lacks consideration, mutual assent, a meeting of the minds, and is formed on the mistakes of the parties, fraudulent misrepresentations and omissions of the cross-defendants or their agents, employees, servants, assigns or representatives.

(Appellants' Appendix at 75). Jackson's response also maintained that the settlement agreement was unconscionable.

On July 8, 1999, a hearing was held on the Appellants' Motion to Enforce. On August 2, 1999, the trial court granted the Appellants' motion and held, in pertinent part, as follows:

> A mediation settlement agreement was entered into in this case. The record does not present sufficient evidence from which this Court could reasonably find that the agreement was procured through fraud or was the result of a mutual mistake. In addition, Jackson was represented by counsel and was under no compulsion to settle the case. None of the elements of an unconscionable contract or agreement are present in this case.

(Appellants' Appendix at 11). Additionally, the trial court ordered Jackson "to take all measures necessary to consummate the settlement reflected in the Mediation Set-

tlement Agreement entered into by and between the parties on November 2nd, 1998, and shall do so within thirty (30) days of the date of this order." (Appellants' Appendix at 12).

On December 31, 1999, Jackson filed a Motion for Relief from Judgment. In his motion, Jackson argued that the trial court erred in granting the Appellants' Motion to Enforce. Specifically, Jackson argued that the trial court failed to consider A.D.R. Rule 2.7(B)(2), which provides: "All parties, attorneys with settlement authority, representatives with settlement authority, and other necessary individuals shall be present at each mediation conference to facilitate settlement of a dispute unless excused by the court." With this, Jackson maintained that because "all parties" were not present at the mediation, the mediation was invalid.

On January 20, 2000, the Appellants filed their Opposition to Cross Claimant's Motion for Relief from Judgment. On February 16, 2000, a hearing was held on Jackson's Motion for Relief from Judgment. On February 22, 2000, the trial court granted Jackson's motion and held, in pertinent part, as follows:

This Court believes that the mediation process is enhanced when the parties are present. Nevertheless, it is not appropriate for this Court to invalidate a meditation settlement reached by counsel in every case where a party is not present at the session. Rather, when challenged, it is the duty of the Court to determine if the settlement is in fact "a mutually acceptable agreement". ADR Rule 2.1. If it is, then it should be upheld. If it is not, then it should be invalidated.

In this case, the absence of Jackson from the mediation session exacerbates an underlying question as to what in fact did Jackson's attorney know about the applicable insurance policy limits here. If such limits had been openly discussed in Jackson's presence, then he could not later claim that he settled for an amount which was too low in relation to his expenses. This discussion did not occur here, and Jackson suffered as a result.

Accordingly, the mediation settlement in this case should be set aside.

(Appellants' Appendix at 16).

On March 23, 2000, the Appellants filed a Motion for Interlocutory Certification. The motion sought leave to pursue an interlocutory appeal from the February 22, 2000 Order. On April 26, 2000, the trial court denied the Appellants' motion.

At some point, Stewart entered into a settlement agreement with the Appellants. Thereafter, Jackson and Stewart stipulated to the dismissal of Stewart's claims against Jackson. On March 1, 2001, the trial court entered an order of dismissal of Stewart's claims against Jackson.

On April 2–6 & 9, 2001, a jury trial was held in order to address Jackson's claims against the Appellants. On April 9, 2001, the jury returned a verdict for Jackson in the amount of $660,000.00. The verdict was reduced by 30% for the comparative negligence of Jackson.

On May 8, 2001, the Appellants filed a Motion to Correct Errors. On May 29, 2001, the trial court denied the Appellants' motion.

The Appellants now appeal.

## DISCUSSION AND DECISION

The Appellants argue that the trial court lacked jurisdiction to grant Jackson's Motion for Relief from Judgment. Specifically, the Appellants argue that once the trial court granted their Motion to Enforce, it lost jurisdiction of the case. We agree.

*Final Judgment*

■ "Once a trial court acquires jurisdiction, it retains jurisdiction until it makes a final disposition of the case." *Chapin v. Hulse,* 599 N.E.2d 217, 219 (Ind.Ct.App. 1992), *trans. denied.* After final judgment, the trial court retains " 'only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule.' " *Id.* (quoting *State ex rel. Kelley v. Marion County Criminal Court, Div. Three,* 269 Ind. 46, 47, 378 N.E.2d 833, 834 (1978)).

At the outset, we must address whether the trial court's grant of the Appellants' Motion to Enforce amounts to a final judgment. Ind.Appellate Rule 2 provides:

A judgment is a final judgment if:

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

Additionally, Ind.Trial Rule 54(B) provides:

When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final.

■ We recognize that when the trial court granted the Appellants' Motion to Enforce, Stewart's claims against Jackson and the Appellants had not yet been settled or dismissed. We also recognize that the trial court did not, in writing, expressly determine that there was no just reason for delay and expressly direct entry of judgment, as required by T.R. 54(B). However, all parties and the trial court treated the trial court's grant of the Appellants' Motion to Enforce as a final judgment in relation to Jackson's claims against the Appellants. This is evidenced by Jackson's filing of his Motion for Relief from Judgment.

At the hearing on Jackson's Motion for Relief from Judgment, Jackson's attorney stated that the grounds for the motion

were provided under T.R. 60(B)(8). T.R. 60(B) provides that "[o]n motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons." By relying on T.R. 60(B)(8), we find that Jackson was seeking relief from a final judgment. In the same regard, we find that the trial court deemed its judgment on the Appellants' Motion to Enforce to be a final judgment. Otherwise, it should not have entertained Jackson's Motion for Relief from Judgment.

Additionally, the purpose of T.R. 54(B) "is to avoid piecemeal litigation and appeal of various issues in a case and to preserve judicial economy by protecting against the appeal of orders that are not yet final." *Paulson v. Centier Bank*, 704 N.E.2d 482, 488 (Ind.Ct.App.1998), *reh'g denied*, *trans. denied*. Although the grant of the Appellants' Motion to Enforce did not resolve the claims that Stewart had against Jackson and the Appellants, it is clear that the trial court's grant of the Appellants' motion was a final judgment in relation to Jackson's claims against the Appellants. The trial court ordered Jackson to consummate the settlement reflected in the settlement agreement entered into by and between the parties on November 2, 1998. Such an act, had it been carried out, would have led to the entry of an ultimate determination of the controversy between Jackson and the Appellants. Therefore, we find that the trial court's grant of the Appellants' Motion to Enforce amounted to a final order as to Jackson's claims against the Appellants.

### Jurisdiction

In the present case, the trial court made a final judgment, with regard to Jackson's claims against the Appellants, when it entered its order granting the Appellants'

Motion to Enforce. As previously stated, after final judgment, the trial court retains " 'only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule.' " *Chapin*, 599 N.E.2d at 219 (quoting *State ex rel. Kelley v. Marion County Criminal Court, Div. Three*, 269 Ind. 46, 47, 378 N.E.2d 833, 834 (1978)). T.R. 60(B) provides, in pertinent part, as follows:

(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\*        \*        \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

With this, we acknowledge that a proper T.R. 60(B)(8) motion would have allowed the trial court to retain continuing jurisdiction in this case. However, we find that

Jackson's T.R. 60(B)(8) motion was not proper.

█ The party seeking relief from judgment must affirmatively demonstrate some extraordinary circumstance to come within the purview of T.R. 60(B)(8). *Chelovich v. Ruff & Silvian Agency,* 551 N.E.2d 890, 892 (Ind.Ct.App.1990). In Jackson's Motion for Relief from Judgment, he maintained that the trial court failed to consider A.D.R. Rule 2.7(B)(2). We cannot find that this amounts to an extraordinary circumstance that comes within the purview of T.R. 60(B)(8).

█ Moreover, in *Chapin,* 599 N.E.2d at 220, this court held that T.R. 60(B) is not to be used as a substitute for direct appeal. The fact that an argument, had it been timely made on appeal, would have succeeded is not contemplated by T.R. 60(B)(8) as grounds for relief. *See id.*

A.D.R. Rule 2.7(B)(2) was discoverable prior to the court-ordered mediation. Thus, Jackson's attorney should have noted the violation of the A.D.R. rule at the mediation, or, at the very least, asserted it as a defense to the Appellants' Motion to Enforce. Yet, this was not done. Instead, Jackson waited almost five (5) months after the trial court granted the Appellants' Motion to Enforce to raise the violation of the A.D.R. rule.

A party has thirty (30) days after entry of final judgment to file a motion to correct error or to file a direct appeal. *See* T.R. 59 & App.R. 9. Clearly, Jackson waited too long to file a motion to correct error or to file an appeal. Thus, Jackson filed a T.R. 60(B)(8) motion, which may be filed within a reasonable time. However, as previously stated, Jackson's T.R. 60(B)(8) motion did not allege proper grounds for relief, as there were no extraordinary circumstances. Therefore, we find that the trial court improperly granted Jackson's Motion for Relief from Judgment.

In *Estate of Goodwin v. Goodwin,* 721 N.E.2d 886, 889 (Ind.Ct.App.1999), this court held:

> Jurisdiction is comprised of three elements: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular case. *Browning v. Walters,* 620 N.E.2d 28, 31 (Ind.Ct.App.1993). "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *DuShane v. DuShane,* 486 N.E.2d 1106, 1107 (Ind.Ct.App.1985) (citing *Twyman v. State,* 459 N.E.2d 705 (Ind.1984)). When a court is without jurisdiction of the subject matter, its actions are "void *ab initio*" and have no effect whatsoever. Such judgments are incapable of confirmation or ratification. *Trook v. Lafayette Bank and Trust Co.,* 581 N.E.2d 941, 944 (Ind.Ct.App.1991), *trans. denied.*

Consequently, we find that the trial court's order granting Jackson's Motion for Relief from Judgment was void *ab initio* because the court was without jurisdiction to enter it.

## CONCLUSION

Based on the foregoing, we conclude that the trial court erred in granting Jackson's Motion for Relief from Judgment. Therefore, the trial court's order granting the Appellants' Motion to Enforce is reinstated.

Reversed and remanded for proceedings consistent with this opinion.

MATHIAS, J., concurs.

BROOK, C.J., concurs with separate opinion.

BROOK, Chief Judge, concurring.

I fully concur in the conclusion that the trial court erroneously granted Jackson's motion for relief from judgment under Trial Rule 60(B). I write separately, however, to offer the following rationale as to why the trial court's failure to consider Alternative Dispute Resolution Rule 2.7(B)(2) does not constitute an extraordinary circumstance warranting relief as contemplated by Trial Rule 60(B)(8).

Simply put, this is a classic case of invited error. Jackson claims that he received no notice of the mediation, but this claim is meritless given his attorney's appearance at the proceeding. *See Krick v. Farmers and Merch. Bank of Boswell*, 151 Ind.App. 7, 17, 279 N.E.2d 254, 260 (1972) ("Notice to the attorney is notice to the client."), *trans. denied.* Thus, the consequences of any error arising from Jackson's failure to appear lie squarely at his doorstep, and he may not seek refuge therefrom under Trial Rule 60(B)(8). *Cf. Smith v. McLeod Distributing, Inc.*, 744 N.E.2d 459, 466 (Ind. Ct.App.2000) ("A party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. Invited error is not subject to review by this court.") (citation omitted); *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299, 1307 (Ind. 1998) ("In sum, the rule that an attorney has the inherent power to bind the client to an in court judgment applies to proceedings governed by the ADR rules in which the parties are ordered, required by the rule, or agree to appear through authorized representatives."); *see also Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 591 (7th Cir.2001) ("Our judicial system is not meant to provide a second bite at the apple for those who have sought adjudication of their disputes in other forums and are not content with the resolution they have received."), *cert. denied,* —— U.S. ——, 122 S.Ct. 69, 151 L.Ed.2d 35 (2001).[1]

1. Although Jackson purportedly "repudiate[d] and renounce[d]" the terms of the mediation agreement immediately upon being advised thereof by counsel, it is interesting to note that he took no steps to set aside the agreement until after the Appellants took steps to enforce it.