E & S MEMS, L.L.C. d/b/a E & S Marketing Resources, Team E & S, LLC, and H. Milton Stewart, Appellants,

v.

Mark Allen EAGEN, Sr., individually and d/b/a Mark A. Eagen Signs, M. Eagen Signs, Mark Eagen Signs and/or Kelly Eagen Signs; Michael Andrew Eagen, Sr., William Morse Eagen; and Kelly Eagen, individually and d/b/a Kelly Eagen Signs; and Meme, LLC, Appellees.

No. 49A02–0301–CV–33.

Court of Appeals of Indiana.

Sept. 11, 2003.

Adam Arceneaux, Brian J. Paul, Ice Miller, Indianapolis, IN, Attorneys for Appellants.

Mark R. Waterfill, David E. Kress, Dann Pecar Newman & Kleiman, Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

E & S MEMS, L.L.C., d/b/a E & S Marketing Resources and Team E & S, L.L.C. (collectively "E & S") and H. Milton Stewart appeal from the trial court's Findings of Fact, Conclusions of Law on William Eagen's Motion to Enforce Settle-

ment Agreement. E & S and Stewart raise the following dispositive issue for review: whether the trial court lacked jurisdiction to consider Eagen's motion to enforce the parties' settlement agreement when the court had previously issued an order dismissing the action with prejudice.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On October 16, 2000, E & S filed a complaint against William M. Eagen and others (collectively "Eagen"). Eagen filed an answer and counterclaim, which named Stewart as a party. On November 16, 2000, the parties entered into a Mutual Agreement, General Release and Covenant Not to Sue ("settlement agreement"), pursuant to which E & S and Stewart, who signed the settlement agreement individually and on behalf of E & S, were obligated to make weekly payments to Eagen. On January 10, 2001, the parties filed a Stipulation of Dismissal agreeing that all claims and counterclaims should be dismissed with prejudice, and the court entered its Order of Dismissal on January 12, 2001.

In January 2002, Eagen filed a Motion to Enforce Settlement Agreement, and the trial court scheduled a hearing. But E & S later moved to vacate that hearing, and the court granted its motion.[1] Eagen then filed another Motion to Enforce Settlement Agreement in September 2002. On November 6, 2002, E & S moved to strike Eagen's motion and to vacate the hearing scheduled for November 8, 2002. In response, Eagen filed a Brief in Support of Motion to Enforce Settlement Agreement.

The trial court conducted a hearing on the parties' motions on November 8, 2002, during which E & S and Stewart argued, in part, that the court lacked jurisdiction over the matter because it had previously dismissed the case with prejudice.[2] On December 2, 2002, the trial court issued written findings and conclusions and determined that it had jurisdiction to enforce the settlement agreement and that E & S and Stewart were delinquent in making a total of thirteen payments to Eagen, which amounted to $12,500.02. The court further determined that Eagen was entitled to attorney's fees and entered judgment in favor of Eagen and against E & S and Stewart in the amount of $16,000.02. This appeal ensued.

## DISCUSSION AND DECISION

E & S and Stewart assert that the trial court lacked jurisdiction over Eagen's motion to enforce the terms of the settlement agreement. In particular, they allege that because the trial court entered a general order of dismissal with prejudice, without making specific reference to the parties' settlement agreement, it lacked authority to enforce the terms of that agreement. E & S and Stewart contend that Eagen must file a new breach of

---

1. The Chronological Case Summary ("CCS") does not show whether Eagen's original motion to enforce settlement agreement was granted or denied. According to Eagen, he moved to enforce the agreement because E & S was delinquent in payments. However, when E & S eventually remitted payment, including the amount in arrears, the court vacated the hearing on his motion. While these facts do not appear in the CCS, E & S and Stewart do not dispute them in their Reply Brief.

2. E & S also argued that Stewart had not been named as a party and was not served with process and raised that same argument on appeal. However, when Eagen pointed out in his Appellee's Brief that Stewart was, in fact, named in the counterclaim and served via counsel, E & S withdrew that argument in its Reply Brief.

contract action in order to invoke the court's jurisdiction.

As the trial court's written conclusions correctly indicate, this court has previously held that a trial court has jurisdiction to enforce a settlement agreement that was entered into in settlement of litigation pending before it. *See Germania v. Thermasol, Ltd.,* 569 N.E.2d 730, 732 (Ind.Ct. App.1991) (holding trial court had jurisdiction to rule on party's motion for specific performance to enforce settlement agreement); *Brant Construction Co., Inc. v. Lumen Construction Co.,* 515 N.E.2d 868, 876 (Ind.Ct.App.1987) (stating trial court had jurisdiction to entertain party's motion to enforce terms of settlement agreement), *trans. denied.* As we explained in *Germania,* 569 N.E.2d at 732:

> The judicial policy of Indiana strongly favors settlement agreements. It has long been the law in Indiana that a settlement agreement can be enforced by a trial court of general jurisdiction, and this court has cited with approval the federal rule that courts retain the inherent power to enforce agreements entered into in settlement of litigation which was pending before them. Federal courts have noted that a settlement of litigation is always referable to the action in the court where the settlement was effective, and the carrying out of the agreement should be controlled in that court. "Otherwise the compromise, instead of being an aid to litigation, would be only productive of litigation as a separate and additional impetus." In *Brant,* under circumstances similar to those in the case at hand, this court stated "the twin interests of judicial economy and encouragement of settlement agreements are both served [by

the trial court's ruling on the motion to enforce a settlement agreement.]"

(Citations omitted). However, *Brant* and *Germania* are inapposite because neither case involved a party's attempt to enforce the terms of a settlement agreement following an order of dismissal with prejudice.

■ Here, the dispositive fact is that the court issued a general order of dismissal with prejudice. While E & S and Stewart briefly mention Trial Rules 41(F) and 60(B) in a footnote, they suggest that those rules have "no application to the facts of [this] case" because neither Eagen nor the trial court relied on them. We cannot agree. Whether the parties or trial court applied Rule 60(B), the law is clear that a motion under Rule 60(B) is required to have a dismissal with prejudice set aside.

■ Specifically, "[i]t is generally recognized that dismissal with prejudice is a dismissal on the merits." *Midway Ford Truck Center, Inc. v. Gilmore,* 415 N.E.2d 134, 136 (Ind.Ct.App.1981). And Indiana Trial Rule 41(F) provides in relevant part, "A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." Indeed, "this court has held that a dismissal with prejudice may be set aside *only* in accordance with the provisions of T.R. 60(B)." *Midway,* 415 N.E.2d at 137 (citing *Hooker v. Terre Haute Gas Corp.,* 162 Ind.App. 43, 317 N.E.2d 878 (1974)) (emphasis added).[3]

■ E & S and Stewart also direct us to our supreme court's opinions in *State ex rel. Kelley v. Marion County Criminal Court,* 269 Ind. 46, 378 N.E.2d 833 (1978), and *State ex rel. Wilson v. Lowdermilk,*

---

**3.** A party may seek relief from a judgment or order under Rule 60(B)(3) as a result of fraud, misrepresentation, or other misconduct of an adverse party, or under subsection (8) for "any reason justifying relief from the operation of the judgment...."

245 Ind. 93, 195 N.E.2d 476 (1964), which both recite the general rule that once a court acquires jurisdiction, it retains jurisdiction until there is a final disposition of the matter or proceeding before it. "After final judgment a court retains only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule." *State ex rel. Kelley,* 378 N.E.2d at 834. Here, the trial court did not retain jurisdiction to enforce the agreement when it issued its final order dismissing the matter with prejudice. And while Indiana Code Section 33–1–6–3 provides that all courts "shall retain power and control over their judgments for a period of ninety (90) days after the rendering thereof," this court has determined that that statute does not relieve the trial court of its obligation to abide by the Indiana Rules of Trial Procedure. *See Davidson v. American Laundry Machinery Div.,* 431 N.E.2d 546, 550 (Ind.Ct.App. 1982). Again, our trial rules clearly provide that "[a] dismissal with prejudice may set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)." T.R. 41(F).

Accordingly, E & S and Stewart's contention that Eagen must file a new action to invoke the trial court's jurisdiction is incorrect. We agree that Eagen could have filed a new action to enforce the settlement agreement. However, Trial Rule 41(F) provides another procedure by which Eagen could have sought to invoke the trial court's jurisdiction following the order of dismissal with prejudice. In any event, because the trial court dismissed

the action with prejudice, and Eagen neither filed a new action nor followed Trial Rule 41(F) to have the dismissal set aside, we hold that the trial court did not have jurisdiction to consider Eagen's motion to enforce the parties' settlement agreement.[4]

We reverse.

BROOK, C.J., and BAILEY, J., concur.

---

**4.** We express no opinion concerning whether Eagen would be entitled to relief under Trial Rule 60(B). Our opinion is confined to the question of jurisdiction. We note, however, that the trial court conducted a hearing on the merits, issued findings and conclusions, and entered a judgment. Among the court's findings were that E & S and Stewart "should

be held accountable for causing litigation to continue nearly a year after the Settlement Agreement was entered into by needlessly failing to meet [their] obligations under the agreement." The parties and the court may now address this issue in the context either of a new action or a Trial Rule 60(B) motion for relief from judgment.