

FILED

Jul 31 2025, 9:20 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court



I N T H E

# Court of Appeals of Indiana

Muhammad Khan,

*Appellant-Petitioner*

v.

State of Indiana,

*Appellee-Respondent*

---

July 31, 2025

Court of Appeals Case No.
24A-XP-2829

Appeal from the Elkhart Superior Court

The Honorable Stephen R. Bowers, Judge

Trial Court Cause No.
20D02-2311-XP-144

---

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

[1] Muhammad Khan appeals from the trial court's denial of his expungement petition. The State seeks dismissal, arguing that Khan bases his appeal on an October 2024 order that is void. According to the State, the trial court entered its final appealable order on Khan's petition in April 2024 and, thus, lacked continuing jurisdiction to revisit the matter that October. As a result, the State contends that Khan's appeal is untimely by more than five months. We agree with the State. Because Khan has not demonstrated extraordinarily compelling reasons for his belated appeal, we dismiss.

## Facts

[2] In 2015, Khan pleaded guilty to 14 felony counts, including corrupt business influence, dealing in synthetic drugs, and money laundering. In 2023, Khan petitioned to expunge all 14 convictions. On April 8, 2024, the trial court granted Khan's petition to expunge 13 of his convictions—12 Class D felonies for which expungement was mandatory under the governing statute and 1 Class C felony for which expungement was discretionary under that statute. The court denied expungement of just one conviction: Class C felony corrupt business influence.

[3] The implementation of this April 2024 order presented a challenge for the trial court clerk's office, which reported an inability to process the partial expungement. The court therefore conducted a hearing on the matter on May 20, 2024. At this hearing, court personnel explained that Odyssey—the

electronic case management system used by Indiana state courts—did not allow for expungement of only some, rather than all, counts of a case. The trial court questioned whether the clerk's office had "any authority" to refuse to implement the court's partial expungement order, recognizing the conflict with the statute mandating expungement of the 12 counts. Tr. Vol. II, p. 33. The court then directed the chief deputy clerk "to advise the Court, in writing, why the Court's [April order] cannot be effectuated by the Clerk's Office." App. Vol. II, p. 53. The clerk's office confirmed that Odyssey "does not have the ability to split the case and seal only a portion of it," so the clerk can either "remove the case in its entirety" or display the full case for public access. *Id.* at 54.

[4] No further action occurred in the case for over four months. Then, on October 1, 2024, Khan filed a "Request for Virtual Hearing" to address the still unprocessed expungement order. *Id.* at 56. At the resulting hearing, Khan seemed to accept the notion that the Odyssey system limitations meant a partial expungement was not available, recalling that the court clerk said the expungement "needed to be all or nothing." Tr. Vol. II, p. 39. The State appeared to operate under the same assumption, acknowledging that "[a]pparently, as [the court is] indicating, it's not, at least logistically, possible to expunge some but not all of these charges." *Id.* at 40. Because of this, Khan requested that the trial court reconsider its April 2024 order and expunge all 14 convictions. The State opposed that request.

[5] The trial court ultimately denied Khan's request, stating that expungement of all 14 convictions "would depreciate the seriousness of these offenses." *Id.* at

49. Khan's counsel then offered to draft a proposed order "that would deny the expungement for all the counts," and the trial court responded affirmatively. *Id.* at 50. On October 16, 2024, the trial court entered an order that "denie[d] the Verified Petition for Expungement Of Conviction and Charges And Sealing of Records Pursuant To I.C. 35-38-9-4." App. Vol. II, pp. 64. Yet the court's chronological case summary indicated that the trial court denied only the request to expunge Khan's remaining conviction for corrupt business influence.

[6] On November 7, 2024, Khan attempted to appeal the October 2024 order but improperly filed his notice of appeal in the trial court instead of the Court of Appeals. Two weeks later, Khan petitioned this Court for permission to file a belated notice of appeal. He alleged that "[t]he period of delay in filing the Notice does not prejudice the parties, is not an undue delay, and does not evidence sleeping upon one's rights." *Petition For Permission To File A Belated Notice Of Appeal Pursuant To Post-Conviction Rule 2*, p. 2 (hereinafter, Motion to File Belated Appeal). A motions panel of this Court granted Khan's petition for belated appeal.

## Discussion and Decision

[7] On appeal, Khan argues that the trial court abused its discretion when, in its October 2024 order, the court denied Khan's petition to expunge all 14 of his convictions. We find the October order is void and, therefore, do not reach the merits of Khan's appeal. Because Khan failed to timely appeal the April 2024 order—the only valid, final, appealable order—and now offers no compelling justification for a belated appeal, we dismiss.

## I. The Trial Court Had No Authority to Issue the October 2024 Order

[8] We first recognize that confusion abounds in this record. The October 2024 order is a product of that confusion, and the order itself lacks clarity. Khan premises his appellate argument on his interpretation that the October order denied expungement of all 14 of his convictions. On the other hand, the chronological case summary states that the trial court purported to deny only Khan's request to expunge the corrupt business influence count.

[9] But the meaning of the October 2024 order is of no matter. Though the State actively participated in the October hearing without questioning the trial court's authority, it argues on appeal that the trial court lacked authority to conduct that hearing at all because the court entered a final appealable order in April 2024. Khan does not address the issue of the trial court's jurisdiction in his opening brief, and he chose not to file a reply brief. We agree with the State and find the October order is void.

[10] The grant or denial of an expungement petition is an appealable final order. Ind. Code § 35-38-9-9(e) (2024). On April 8, 2024, the trial court granted Khan's petition in part (expunging 13 counts) and denied it in part (refusing to expunge the corrupt business influence count). This constituted a final disposition of Khan's expungement petition, as it resolved all issues presented and left no issue for further determination. *See State v. B.H.,* 260 N.E.3d 953, 957 (Ind. 2025) (explaining that a judgment "typically becomes final when it dispose[s] of all issues as to all parties, ending the particular case and leaving

nothing for future determination" (brackets in original) (internal quotations omitted)).

[11] After issuing a final order, a trial court "retains only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule." *Chapin v. Hulse*, 599 N.E.2d 217, 219 (Ind. Ct. App. 1992) (internal quotations omitted). Here, the parties invoked no statute or rule to provide the trial court with continuing jurisdiction over Khan's expungement petition after the April order. And in the months following that order, Khan did not use any of the established procedural mechanisms for challenging or modifying a judgment, such as a motion to correct error, motion for relief from judgment, or a direct appeal. Khan filed only a "Request for Virtual Hearing" in October—nearly six months after the final order was issued in April. App. Vol. II, p. 56. This request did not reference any established basis for revisiting a final judgment.

[12] Even if the October proceedings were to be viewed as Khan's attempt to refile his expungement petition, such proceedings would be contrary to law. When a petition for expungement is denied, in whole or in part, due to the court's exercise of its discretion, a petitioner must wait three years to refile a petition for that expungement. Ind. Code § 35-38-9-9(j) (2024). The trial court therefore had no authority to reconsider Khan's request for expungement of his corrupt business influence conviction just six months after the court denied the request in the April 2024 order.

[13]     Nor does the trial court clerk's issues in implementing the April 2024 order provide a basis for revisiting that order. During the October proceedings, the trial court appeared to accept the notion that the clerk's difficulties necessitated modification of its lawful final order to accommodate such system limitations—despite also acknowledging that it was mandated by statute to expunge 12 of Khan's convictions. But the expungement statutes clearly contemplate and authorize partial expungement.

[14]     Indiana Code § 35-38-9-9(j) (2024) expressly provides that a "petitioner whose petition for expungement has been denied, in whole or in part, may refile that petition . . . in whole or in part, with respect to one (1) or more convictions included in the initial expungement petition that were not expunged." This statutory language unambiguously demonstrates that the legislature anticipated situations where only some convictions in a multi-count case would be expunged.

[15]     Computer system limitations do not restrict judicial authority or override clear statutory mandates. It is axiomatic that courts possess the authority to enter orders that comply with the law regardless of whether existing information technology systems can automatically implement those orders. To the extent that the Odyssey system cannot accommodate statutorily authorized partial expungements, that is an administrative and technological problem to be resolved by the Indiana Supreme Court's Office of Judicial Administration or other appropriate entities—not a call for courts to disregard statutory mandates in order to accommodate technology limitations.

Because the trial court's jurisdiction over the matter was never reinstated after the April 2024 order, the court lacked the ability to revisit it. The court's lack of authority to enter the October 2024 order renders that order void. *Kitchen v. Kitchen*, 953 N.E.2d 646, 651 (Ind. Ct. App. 2011) ("An order is void where the trial court lacks the authority to act."). Therefore, the April 2024 order stands as the trial court's final disposition of the expungement matter.

## II. Khan's Appeal Is Untimely and He Has Not Demonstrated Extraordinarily Compelling Reasons for Addressing It

Because the April 2024 order is the trial court's valid final judgment, Khan's challenge to the expungement decision must be based on that order. Accordingly, Khan was required to file his notice of appeal within thirty days after the order was issued—that is, by May 8, 2024. *See* Ind. Appellate Rule 9(A)(1). Khan did not file his notice of appeal until November 7, 2024—six months after the deadline.

His appeal is therefore untimely, and his right to appeal is forfeited. *See* Ind. App. R. 9(A)(5). We reconsider and reverse the motions panel's decision to grant Khan's petition for belated appeal. *See State v. Tyree*, 237 N.E.3d 685, 690 (Ind. Ct. App. 2024) ("[A] writing panel has the inherent authority to

reconsider any decision of the motions panel while an appeal remains pending." (citation omitted)), *trans. denied*.[1]

[19] "To reinstate a forfeited appeal, an appellant must show that there are 'extraordinarily compelling reasons why this forfeited right should be restored.'" *Cooper's Hawk Indpls., LLC v. Ray*, 162 N.E.3d 1097, 1098 (Ind. 2021) (citing *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014)). Our appellate courts have recognized such reasons under limited circumstances involving fundamental liberty interests, such as the parent-child relationship (*O.R.*, 16 N.E.3d at 972) or the right to bail (*Satterfield v. State*, 30 N.E.3d 1271, 1275 (Ind. Ct. App. 2015)). In contrast, our Supreme Court dismissed a belated appeal in *Cooper's Hawk* when the appellant provided no extraordinarily compelling reasons even though the legal issue involved "a substantial question of law." 162 N.E.3d at 1098.

[20] Our Supreme Court's recent decision in *B.H.* further illustrates the high bar for demonstrating these extraordinarily compelling reasons. 260 N.E.3d 953. In that case, the State missed its appeal deadline but argued that the Court should reinstate the forfeited appeal because both the trial court and Court of Appeals had allowed the case to proceed without objection from B.H. and because there was no dispute over the merits. *Id.* at 959. The Court rejected the State's

---

[1] The author of this opinion was a member of the motions panel that initially granted Khan's petition for belated appeal based on his averment that his appeal was only a few days late. Upon full review of the record, it is apparent that Khan's appeal originated from the April 2024 order, making it approximately six months late—not the relatively brief delay from the October 2024 order as the petition suggested.

argument and dismissed the forfeited appeal, explaining that the "narrow exception reinstating otherwise forfeited appeals effectively 'acts as a fail-safe' when dismissal would be 'shockingly unfair.'" *Id.* (quoting *Sevion v. State*, 223 N.E.3d 1154, 1156 (Ind. Ct. App. 2023)). The Court also noted that the State's appeal did not involve fundamental liberty interests, such as parental rights, and the State was a "sophisticated litigant with ample resources at its disposal to ensure compliance with our appellate rules." *Id.*

[21]   Guided by this precedent, we also decline to reinstate Khan's forfeited appeal. Like the State in *B.H.*, Khan had the resources and opportunity to comply with appellate deadlines but failed to do so. And Khan's expungement matter does not concern fundamental liberty interests.

[22]   In his Motion to File Belated Appeal,[2] Khan explains that he mistakenly filed the notice of appeal in the trial court. He then incorrectly characterizes his delay as a matter of days, not months. Khan cites Post-Conviction Rule 2 as a basis for hearing his belated appeal. But this rule allows belated appeals for challenges to a conviction or a sentence and, thus, does not apply to expungement appeals. *See Cummings v. State*, 137 N.E.3d 255, 258 (Ind. Ct.

---

[2] Khan does not recognize the belatedness of his appeal in his appellate brief, and he therefore fails to provide any argument therein as to why his forfeited appeal should be reinstated. Instead, he incorrectly asserts in his brief that he "timely filed his Notice of Appeal on November 7, 2024,"—citing the notice of appeal filed in the trial court. Appellant's Br., p. 7. The State disputes the timeliness of Khan's appeal and Khan chose not to file a reply brief. Accordingly, Khan only provides reasons for restoring his belated appeal in his Motion to File Belated Appeal.

App. 2019) (finding defendant ineligible for belated appeal of probation revocation because it was not a challenge to a conviction or sentence).

[23] As Khan does not articulate any extraordinarily compelling reasons, we conclude he has failed to demonstrate that his forfeited appeal should be restored.

## Conclusion

[24] Because the trial court lacked the authority to enter it, the October 2024 order is void. Accordingly, the April 2024 order was the final appealable order, and Khan failed to timely challenge it. He therefore forfeited his appeal and presents no exceptional circumstances warranting consideration of his untimely challenge. We therefore dismiss.

Bailey, J., and Brown, J., concur.

ATTORNEY FOR APPELLANT

Marietto V. Massillamany
Massillamany Jeter & Carson LLP
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Kathy Bradley
Deputy Attorney General
Indianapolis, Indiana